Albebt S. McGrover, J.
The defendants were' indicted in a multiple count indictment charging, among other things, possession of narcotics and conspiracy. Among other motions, a motion was made to controvert the eavesdropping warrant dated September 19, 1971 and the extension of such warrant dated October 19,1971. The motion came on to be heard before me and thereafter the motion was denied after hearings on June 22, 1972. Thereafter, all of the defendants were indicted in a superseding indictment, which is currently pending before this court and on which indictment additional counts of conspiracy and other related charges were added.
This motion is made on behalf of all the defendants to reargue the denial on the grounds that the original eavesdropping order, which was the basis for the interception, is void on its face in that it does not comply with the requirements of subdivision 7 of CPL 700.30 and of the Federal law that governs such order.
The argument set forth herein was not the basis for the original motion to controvert the eavesdropping warrant and the extension order. Defendants ’ original contentions were that the affidavits submitted in support of the warrant are perjurious and deficient' on their face.
In the interests of justice, the motion for leave to reargue is granted and the decision of this court dated June 22, 1972 is set aside.
*927 1. THE EAVESDROPPING ORDERS.
On September 19, 1971, an order was signed in this court authorizing the interception by the District Attorney of Kings County and his duly designated agent of telephone communications of Ernest Solomon, also known as “ Ernie ”, transmitted over the telephone instrument bearing the number 853-8360, located at 91 Ocean Parkway, Brooklyn, New York, and listed in the records of the New York Telephone Company under the name of Prieilla Pankey, and which communications pertained to the commission of the crimes referred to in the said order. It further provided that the effective date of the warrant is the 20th day of September, 1971 and shall not automatically terminate when the communication therein described shall have been attained, but said interception shall continue until the 19th day of October, 1971, the maximum number of days permitted by statute, and the daily interception while this warrant shall remain effective shall be for 24 hours each day.
On October 19, 1971, an order was signed renewing the original eavesdropping warrant granted on September 19, 1971, and its authorization extended for a period of 30 days to terminate on November 18, 1971 under the same terms and conditions authorized by the original eavesdropping warrant.
The extension order, dated October 19, 1971, among other things, contains the following: “ and shall be conducted in such a way as to minimize the interception of communications not otherwise permitted by law.”
2. Defendants argue that the original eavesdropping order fails to provide for minimization of the interception as required under subdivision 7 of CPL 700.30 and of the Federal statute (U. S. Code, tit. 18, § 2518, subd. [5]).
CPL 700.30 provides as follows:
“An eavesdropping warrant must contain: * * *
“ 7. A provision that the authorization to intercept shall be executed as soon as practicable, shall be conducted in such a way as to minimize the interception of communications not otherwise subject to eavesdropping under this article, and must terminate upon attainment of the authorized objective, or in any event in thirty days; and ”.
The above statute was in effect September 1, 1971 and therefore applies to this case.
Subdivision 5 of section 2518 of title 18 of the United States Code contains the following: ‘ ‘ Every order and extension thereof shall contain a provision that the authorization to intercept shall be executed as soon as practicable, shall be conducted *928 in such a way as to minimize the interception of communications not otherwise subject to interception under this chapter, and must terminate upon attainment of the authorized objective, or in any event in thirty days.”
The absence in the wiretap order of the phrase ‘1 shall be conducted in such a way as to minimize the interception of communications not otherwise subject to eavesdropping under this article ” (CPL 700.30, subd. 7) is unquestionably de minimis. Upon viewing the order in a commonsense, realistic posture, the specificity enumerated in subdivisions 1 through 6 of GPL 700.30 clearly proscribes ample criteria to satisfy the directive to minimize.
The gravamen of defendants’ motion revolves around the assertion that the absence of the directive dealing with minimization, in and of itself, vitiates the wiretap order. Unquestionably, slavish obedience to the statute (GPL 700.30) and in particular, the section encompassing the minimization provision, is in direct juxtaposition to established case law guidelines dealing with the interpretation of search warrants.
The Second Circuit, in United States v. Desist (384 F. 2d 889, 897 [1967]), pointed out that: “ The Supreme Court has frequently emphasized that it is desirable for officers to obtain -search warrants so that an independent magistrate may impartially judge whether probable cause exists, and for that reason has suggested that warrants will be examined less rigorously than searches without a warrant. E.g., United States v. Ventresca, 380 U. S. at 106-107 * * * McCray v. State of Illinois, 386 U. S. 300, 315 * # * (dissenting opinion). When a narcotics agent has done just what the Court encourages, reading a warrant as though it were a trust indenture can only discourage adherence to that policy. If the affidavit here is ‘ read in a commonsense way rather than technically,’ 380 U. S. at 109 * * *, it was clearly sufficient. ’ ’
The New York Court of Appeals, in People v. Glen 30 N Y 2d 252 [1972]), adopted the same rationale when upholding a search warrant that authorized a nighttime search, when, in fact, the search was conducted during the daytime. Echoing the pronouncements of the United States Supreme Court, Judge Bbeitel, speaking for the majority, stated (p. 262): “ In concluding this principal issue, it is worth repeating the admonition in United States v. Ventresca (380 U. S., at p. 108) that the requirements of the Fourth Amendment are ‘ practical and not abstract ’ and that warrants should be scrutinized in a ‘ commonsense and realistic fashion. ’ ”
*929 Thus the flexibility attendant upon the reading of the warrant mandates that the exclusion of the minimization provision amounts to nothing more than a de minimis oversight. ‘1 One of the best ways to foster increased use of warrants is to give law enforcement officials the assurance that when a warrant is obtained in a close case, its validity will be upheld” (United States v. Lewis, 392 F. 2d 377, 379 [2d Cir., 1968]; cf. United States v. Freeman, 358 F. 2d 459 [2d Cir.], cert. den. 385 U. S. 882 [1966]; Jones v. United States, 362 U. S. 257 [I960]). It cannot be overlooked that in the extension order the provision for minimization was included, giving credence to the assertion that its absence in the initial order was a mere oversight.
The standards enunciated in the historic decision of the United States Supreme Court in Berger v. New York (388 U. S. 41 [1967] ; see, also, Osborn v. United States, 385 U. S. 323 [1966] ; Katz v. United States, 389 U. S. 347 [1967]) set forth the foundation for title III of the Omnibus Criminal Control Acts of 1968 (U. S. Code, tit. 18, § 2510 et seq.) upon which CPL 700.30 is directly taken. (See, also, Sen. Rep. No. 1097, 1968 U. S. Cong. & Admin. News, 2112, 2153.) Compare United States v. Mainello (345 F. Supp. 863, 871 [E. D. N. Y., 1972]), where the court indicated that the use of a pragmatic approach should be employed when viewing the sufficiency of an eavesdropping warrant.
In this case, those provisions advanced in the Berger decision {supra) are all included in the warrant before this court. Nowhere in the Berger decision {supra) is the term “ minimization ” employed or referred to. “ Indeed, the court in Berger reserved its strongest criticism of the New York law for the section allowing a dragnet-like surveillance for periods of sixty days and longer, saying it was, like the odious general warrants of colonial times, ‘ the equivalent of a series of intrusions, searches, and seizures pursuant to a single showing of probable cause.’ ” (United States v. Cox, 462 F. 2d 1293, 1303 [1972]).
Therefore, a study of Berger, Katz, and Osborn {supra) leads to the logical conclusion that provisions such as the duration of the warrant’s vitality, the person under observation, the type of crime, the place to be searched, etc. (cf. CPL 700.30, subds. 1-6), add up to sufficient direction to law enforcement officials as to how unreasonable listening will be minimized. The phrase couched in subdivision 7 of CPL 700.30 dealing with minimization is simply a summation, a conclusion of the most specific demands enunciated seriatim in subdivisions 1 through 6 of CPL 700.30. Therefore, the exclusion of the minimization *930 phrase in no way can he viewed as vitiating the warrant. (See, also, People v. Sher, 68 Misc 2d 917, 921 [1972].) “ The [eavesdropping] warrant must be read as a whole,and if upon such a reading it contains all of the elements required by the statute, it is sufficient.”
In United States v. Tortorello (480 F. 2d 764), the court was faced with the issue of whether the descriptions of the crimes to he overheard were too broadly stated in the warrant. The court applied a ‘ ‘ pragmatic approach ’ ’ when viewing the sufficiency of the eavesdropping warrant.
Similarly, in United States v. Poeta (455 F. 2d 117 [2d Cir., 1972]), a typist struck out the paragraph dealing with the termination of the eavesdropping order (U. S. Code, tit. 18, § 2518, subd. [4]). The court, in upholding the eavesdropping order, stated: “We hold that, even though the ‘ non-termination ’
paragraph had been struck from the Schweitzer order, the order was in substantial compliance with the requirements of 18 U. S. C. § 2518(4) (e)”.
It is therefore the opinion of this court that a technical oversight in the drafting of the initial eavesdropping warrant should not vitiate the order ah initia.
The defendants’ motion is denied in all respects.