THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* CHESTER JOHN PALOZZI, Respondent.

Fourth Department, April 11, 1974.

*Jack B. Lazarus, District Attorney (Vincent P. Mitrano* of counsel), for appellant.

*Palmiere, Passero & Crimi (Norman P. Palmiere* of counsel), for respondent.

*Per Curiam.* As the result of a gambling investigation in Monroe County over a period of several weeks, the police were led to a person known as " Sal " at 16½ Romeyn Street in Rochester. The investigation further revealed, according to the investigating officer's affidavit, that " Sal " was acting in the capacity of a " telephone man " in a large scale gambling operation. It was " Sal's " function to accept bets and wagers from bookmakers which, it was alleged, he was doing on telephone number 436-5506 listed at the address in the name of a third party. These facts were supported by information from a previously reliable confidential informant who advised him that the named premises would be used for bookmaking purposes within a few days of the date of the application. Further, on a personal stakeout, a vehicle whose registration was in the name of Salvatore G. Salimano was observed in close proximity to the Romeyn premises. The application for the intercept order requested a warrant for 30 days because gambling is of

a continuing nature and that much time was necessary to learn the identity of other conspirators and participants in the book-making operation. An intercept order against the target telephone was granted on October 5, 1971 and it empowered designated police officials to intercept " telephone conversations relating to bets and wagers placed by  *  *  *  unknown persons with a  *  *  *  person only known as ' Sal ' ", and, further, authorized by intercept " the supervision of persons involved in these activities " over the target phone. It further specifically provided that the eavesdropping not cease " after one or more of the described conversations have been heard " but only at the expiration of 30 days and, finally, directed that the eavesdropping " be conducted in such a way as to minimize the interception of communications not otherwise subject to eavesdropping ".

The defendant, Chester J. Palozzi, not named in the warrant, was overheard on the target phone accepting wagers and was thereafter indicted in nine counts for the crime of promoting gambling during the month of October, 1971. A motion to suppress was granted from which the People appeal, conceding that without the suppressed evidence the indictment is insufficient as a matter of law.

We are unable to agree with the conclusion of the trial court that the evidence must be suppressed. The fact that the defendant was not named in the warrant is not controlling. An examination of the application and affidavit upon which the order issued convinces us that it was a valid warrant based upon probable cause. Accordingly, the intercepted conversation may be used against the defendant even though he was not named in the warrant (*People* v. *Gnozzo*, 31 N Y 2d 134, 145; *United States* v. *Cox*, 449 F. 2d 679, 686–687). Although the language employed in the order, as previously noted, authorized an interception of telephone conversations placed by unknown persons with " Sal ", it also authorized interception of the target phone to secure supervision of the persons involved in gambling activities. Semantics over the precise phraseology employed in the order aside, however, the recent decision of the Supreme Court in *United States* v. *Kahn* (415 U. S. 143) is dispositive of this issue. In that case, the Supreme Court in construing similar statutory language[1] on facts close to those in the instant case

---

1. The statutory language of section 2518 (subd. [1], par. [b], cl. [iv]) and subdivision (4) of section 2518 of title 18 of the United States Code is nearly identical with that contained in CPL 700.20 (subd. 2, par. [b], cl. [iv]) and subdivision 2 of CPL 700.30.

held (p. 157) : '' Nothing in title III requires that, despite the order's language, it must be read to exclude Minnie Kahn's communications. As already noted, 18 U.S.C. §§ 2518 (1) (b) (iv) and 2518 (4) (a) require identification of the person committing the offense only 'if known'. The clear implication of this language is that when there is probable cause to believe that a particular telephone is being used to commit an offense but no particular person is identifiable, a wire interception order may, nevertheless, properly issue under the statute. It necessarily follows that Congress could not have intended that the authority to intercept must be limited to those conversations *between* a party named in the order and others, since at least in some cases, the order might not name any specific party at all ''.

Turning to the second ground, that is, the 30-day duration of the order, we conclude that the application contained a sufficient factual basis for the issuing Magistrate to determine, from the extent and nature of the activity involved, that a 30-day order was necessary and not excessive (see *People* v. *Gnozzo, supra,* p. 141; *United States* v. *Cafero,* 473 F. 2d 489, 496; *State* v. *Sidoti,* 120 N. J. Super. 208). Further, the defendant has urged that the intercepted evidence must be suppressed because the warrant did not contain a provision that it '' must terminate upon attainment of the authorized objective, or in any event in thirty days '' (CPL 700.30, subd. 7). Even accepting defendant's argument in this connection, however, we find no prejudice to the defendant because even if the protective safeguards provided by the statute had been included in the warrant, it still would not have been terminated sooner than the 30-day period provided because insofar as this record reveals no conversations with '' Sal '' were intercepted during that period of time.

We have examined the various other grounds urged by respondent to require suppression of the intercepted evidence and find them to be without merit.

The order should be reversed and the motion to suppress denied.

WITMER, J. P., MOULE, CARDAMONE, GOLDMAN and DEL VECCHIO, JJ., concur.

Order unanimously reversed and motion denied.