UNITED STATES of America,
Appellee,

v.

Vincent RIZZO et al., Appellants.

Nos. 379, 381 and 382, Dockets
73-1941 to 73-1943.

United States Court of Appeals,
Second Circuit.

Argued Nov. 13, 1973.

Decided Jan. 17, 1974.

Certiorari Denied May 13, 1974.
See 94 S.Ct. 2399.

Henry J. Boitel, New York City, for appellant Rizzo.

Theodore Krieger, New York City, for appellant Benjamin.

Nathaniel D. Kramer, New York City, for appellant Otero.

John C. Sabetta, Asst. U. S. Atty. (Paul J. Curran, U. S. Atty., for the S. D. N. Y., Henry Putzel, III, and S. Andrew Schaffer, Asst. U. S. Attys., on the brief), for appellee.

Before KAUFMAN, Chief Judge, SMITH and OAKES, Circuit Judges.

OAKES, Circuit Judge:

On April 4, 1973, all appellants were found guilty, after a jury trial, of the charge of conspiracy to import into the United States and to distribute Schedule I and Schedule II drugs in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), 842(b), 846, 952(a), 960(a)(1)

and 960(b)(1). Appellants Rizzo and Benjamin were also found guilty on five and six counts, respectively, of violating the Travel Act, 18 U.S.C. § 1952, relating to travel, or causing others to travel, 18 U.S.C. § 2, in interstate and foreign commerce to promote such distribution, and were also found guilty on two and three counts, respectively, of using a telephone in furtherance of the conspiracy in violation of 21 U.S.C. § 843(b).[1]

The indictment in this case charged eight persons with participation in a conspiracy to import substantial quantities of cocaine from Latin America into the United States for distribution. The trials of the five defendants named along with appellants were severed due to their fugitive status. Further elucidation of the evidence adduced at trial to support the convictions is not required here except with respect to the evidence pertaining to the wiretaps which appellants Rizzo and Benjamin claim were improperly executed[2] and that pertaining to Otero's participation in the conspiracy.

Appellants Rizzo and Benjamin argue that the testimony at the suppression hearing held by the district court below on the question whether agents—who executed 29 state warrants[3] authorizing electronic eavesdropping during the course of the investigation—had complied with the "minimization" provision of 18 U.S.C. § 2518(5),[4] was insufficient as a matter of law for the district judge to find that minimization had been achieved. These appellants ask this court to remand this issue to the district court below for yet another evidentiary hearing; we decline to do so.

Before the district court, appellants conceded the validity of the wiretap orders themselves. The wiretaps at issue were conducted during the period from February 8, 1972, to June 6, 1972, at various locations in New York City. On February 26, 1973, appellant Benjamin's counsel filed motions seeking, *inter alia*, the disclosure by the Government whether any electronic surveillance had been conducted concerning Benjamin and, if so, requesting authority to inspect all material related to such surveillance. No less than twelve days prior to trial, the Government provided these materials to counsel as requested. On March 21, 1973, the day trial was to commence, Benjamin's counsel moved the court for a hearing to determine whether minimization had been achieved. The Government initially opposed this motion as untimely, characterizing it as having not been made "prior to trial." The district court, while reserving judgment on the Government's timeliness contention, proceeded to hold a hearing on the motion to suppress. Although it appears to us that the motion was timely made within the purview of 18 U.S.C. § 2518(10), we need not reach that question because we

1. Rizzo received concurrent terms of imprisonment of 15 years on the conspiracy count, five years on each of the travel counts and four years on each of the telephone counts; Benjamin received concurrent terms of seven and one-half years on the conspiracy count, two and one-half years on each of the travel counts and two years on each of the telephone counts. Otero received a five year sentence under 18 U.S.C. § 4208(a)(2) on the conspiracy count, with a recommendation of deportation on completion of the term.

2. Rizzo and Benjamin do not argue insufficiency of the evidence.

3. One federal warrant authorizing the use of a "pen register" to identify numbers called

from a telephone was also executed but is irrelevant to this appeal because neither state nor federal minimization laws are applicable to mere interception of what telephone numbers are called, as opposed to the interception of the contents of the conversations.

4. Every order and extension thereof shall contain a provision that the authorization to intercept . . . shall be conducted in such a way as to minimize the interception of communications not otherwise subject to interception under this chapter
. . . .
18 U.S.C. § 2518(5).

find it possible to resolve the minimization question on the basis of the record produced at the suppression hearing itself.

■ At the hearing itself, the only testimony presented was by a Government witness, Detective Coffey of the New York City Police Department. Coffey was in supervisory charge of the personnel who actually conducted the wiretap. He testified that he personally was at the central pick-up and processing point 80 to 90 per cent of the time that the tapping was carried on. His uncontradicted testimony showed that an order to record and monitor only conversations pertaining to the defendants named in the court order and only to the pertinent crimes referred to therein had been given him by the Assistant District Attorney in charge of the investigation and also by his immediate police department superior; that the beginning of each conversation was monitored and recorded, but both monitoring and recording were stopped when it had been determined that a call was "not pertinent";[5] and that none of the approximately 50 privileged conversations were either monitored, recorded or spot-checked. He also testified that careful logs were kept and that these reflected what calls were not recorded. After this testimony, with no evidence having been presented by any of the appellants, the court found that minimization had been achieved. When that ruling was made, and we think this to be critical to

our resolution of this aspect of the case, defense counsel neither formally objected to the ruling *nor* requested the court for a recess or further time to analyze any of the materials connected with the surveillance.[6] In this posture, the question we must resolve is whether the testimony of Detective Coffey, credited fully by the court below, is sufficient to sustain the Government's burden of proof on the minimization issue.[7] If not sufficient, appellants Rizzo and Benjamin would prevail.

■■ We are met at the outset by the fact that both the trial judge and the Assistant United States Attorney trying the case explicitly assumed that federal standards, *i. e.*, 18 U.S.C. § 2518(5) and case law thereunder, applied to the question of minimization where a state-authorized wiretap is the subject of a motion to suppress in a federal criminal trial.[8] As this court held recently in United States v. Manfredi, 488 F.2d 588, 598–599 (2d Cir. Nov. 23, 1973), the question whether minimization has been achieved where a motion to suppress evidence gathered under a state warrant is made in a federal prosecution must be answered in the first instance by reference to state law. While the district court here did not, of course, have the guidance of *Manfredi* when it ruled on the motion to suppress, there is no need to remand here because in our judgment the evidence introduced by the Government in the suppression

5. Intermittent monitoring of "not pertinent" calls continued in order to determine whether the same two parties who commenced the call were still on the phone.

6. Indeed, when counsel for Benjamin initially raised this issue on the day of trial, he stated to the court: "we are not asking for an adjournment . . . . [W]e are asking that this matter be resolved prior to the empaneling [sic] of the jury." Transcript of Proceedings Concerning Minimization at A18.

7. The burden of proof on the minimization issue under either federal or state law nec-

essarily rests, in the first instance, on the Government. See text, *infra*. The United States Attorney must be prepared to sustain that burden even in a case where the defense is unprepared or chooses not to present its own evidence on the issue. The Government might, of course, in a proper case, move for a postponement or adjournment when, after meeting its initial burden, it becomes necessary to present more extensive analysis of eavesdropping materials to rebut analysis and argument by defense counsel.

8. *Id.* at A18.

hearing was sufficient to carry the Government's burden of proof on the minimization question under both state and federal law. Our decision in *Manfredi* reviewed the various New York cases which construed and applied the minimization requirement imposed under New York CPL § 700.30, subd. 7, McKinney's Consol.Laws, c. 996. Under those decisions, *e. g.*, People v. Castania, 73 Misc. 2d 166, 340 N.Y.S.2d 829 (Monroe Cty. Ct.1973), as well as under *Manfredi, supra*, there is no question that the procedures employed in this case to effect minimization pass muster, whether under state or federal law. It is true, as appellants argue, that we do not have before us as detailed an analysis of the wiretap materials as was before this court after the remand of United States v. Bynum, 475 F.2d 832 (2d Cir. 1973), *convictions affirmed*, 485 F.2d 490 (2d Cir. 1973). But it is also true that here, unlike *Bynum*, the district court conducted a suppression hearing, as requested by defense counsel, at which defense counsel had the opportunity to rebut evidence proffered by the Government. Such rebuttal was not forthcoming, no delay in the proceedings was requested to assemble and present such evidence, and we, as an appellate court, cannot disturb the district court's ruling as long as the Government's evidence was sufficient to make a prima facie showing that minimization was achieved.

Such a showing was made on the basis of Detective Coffey's testimony; justice neither suggests nor demands relitigation of this issue.[9]

 Appellant Otero argues that the evidence adduced by the Government at trial tended to show two separate conspiracies, one which he labels the "Crotti" conspiracy and the other he calls the "Rizzo" conspiracy. Only the latter was the subject of the indictment under which Otero was tried and convicted, but Otero now asserts that the evidence tended to show his involvement only in the former. It is clear that the jury could have properly inferred from the evidence at trial that Otero was, in effect, working for a codefendant, Canonico, who was the supplier of the cocaine, and with others in a single conspiracy. While Otero's participation as a salesman admittedly did not involve him in all aspects of the overall conspiracy, it was sufficient to tie him to the conspiracy charged. United States v. Bynum, 485 F.2d at 495-497. In view of this holding, it cannot be successfully argued that the evidence against Otero was either so little or so "vastly disproportionate" in comparison with that adduced against appellants Rizzo and Benjamin that the district court erred in not granting, *sua sponte*, a severance to Otero.

Judgments affirmed.

---

9. Our remarks with respect to the Government's responsibilities in presenting evidence on the question of minimization, note 7 *supra*, are equally applicable to defense counsel. Particularly in complex conspiracy cases involving extensive use of electronic eavesdropping, the difficult determination whether minimization has been achieved is best arrived at after full exposure of the question to the adversary process. Cf. United States v. Huss, 482 F.2d 38, 47 & n. 8 (2d Cir. 1973). This court will always give most careful consideration to all evidence and arguments considered by the district court; we see no reason, however, to assume responsibility for performing our own analysis of voluminous eavesdropping materials in the absence of contested facts or rulings of law in the district court.