**UNITED STATES of America**

v.

**Billy AUSTIN et al., Defendants.**

**No. 73 CR 600.**

United States District Court, E. D. New York.

April 14, 1975.

On Motion for Leave to Reargue May 5, 1975.

John C. Corbett, Brooklyn, N.Y., for Billy Austin.

Jeffrey Dwight Ullman, Fisher, Rosner & Scribner, New York City, for John Bryant.

Trevor L. F. Headley, Brooklyn, N.Y., for Alvin Cooper.

Gilbert Epstein, New York City, for Harriet Evans.

Allen Lashley, Brooklyn, N.Y., for Joseph Fernandez.

Robert Schmukler, Brooklyn, N.Y., for Walter Gilmore.

Lenefsky, Gallina, Mass, Berne & Hoffman, New York City, for Frank Matthews.

Richard I. Rosenkranz, Brooklyn, N.Y., for Bonnie McCallum.

Nancy Rosner, Fisher, Rosner & Scribner, New York City, for Gerald Mims.

Ivan S. Fisher, Fisher, Rosner & Scribner, New York City, for William Moore.

Peter A. Passalacqua, Brooklyn, N.Y., for Joseph Polite.

Stephen Flamhaft, Brooklyn, N.Y., for Larry Stewart.

Stanley Schimmel, Brooklyn, N.Y., for Richard Thrasher.

JoAnne Seybert, Legal Aid Society, Brooklyn, N.Y., for Clinton White.

Memorandum of Decision and Order

MISHLER, Chief Judge.

■ Defendants Harriet Evans, Robert Ray Daniels and John Bryant [1] move to suppress evidence derived from interceptions of telephone conversations made

---

1. At oral argument counsel for several other defendants asked to be included in the motions made by Evans, Daniels and Bryant. The court assumes, therefore, that all defendants who have standing to challenge the wiretaps, i. e., those who were named in the warrants and those who were overheard, are included in these motions. Those defendants who were not named in the warrant or overheard have no standing to challenge the wiretaps, even though information implicating them in the alleged conspiracy may have been obtained through the wiretaps. *E. g.,* *United States v. Capra,* 501 F.2d 267, 281 (2d Cir. 1974).

pursuant to an order entered by Mr. Justice Michael Kern of the Supreme Court, Kings County, on September 1, 1971, and renewed on September 30, 1971.

The order signed by Justice Kern on September 1, 1971, authorized interception of the telephone communications of Robert Ray Daniels and "J. D." China. Likewise, the renewal order of September 30, 1971, named only Daniels and J. D. China as parties whose conversations were to be seized. The order specified that the communications to be seized were to pertain to the commission of drug offenses described in Article 220 of the Penal Law of New York, McKinney's Consol.Laws, c. 40. There was no other statement in the original order concerning minimization or limitation of the type of conversations to be seized, although the renewal order did contain a minimization requirement. Together with its motion papers, the government has submitted an affidivit, sworn to by one of the officers who conducted the interceptions at issue, stating that this officer and the other officers carrying out the electronic surveillance pursuant to Justice Kern's order were instructed to terminate interception of all calls not related to the narcotics investigation.[2] The affidavit further states that during the course of their surveillance, the officers strictly adhered to these instructions.

Defendants Evans and Daniels claim that the absence of a minimization re-

quirement in the original order violates the terms of § 700.30(7) of the Criminal Procedure Law of New York[3] and thereby renders the order illegal. CPL § 700.30(7) specifically states that an eavesdropping warrant must contain "a provision that the authorization to intercept . . . shall be conducted in such a way as to minimize the interception of communications not otherwise subject to eavesdropping under this article . . . ." As previously stated, the original order signed by Justice Kern contained no such provision.

■ Since the warrant and the interceptions were carried out under the New York State eavesdropping statute, §§ 700.05 *et seq.*, it is clear that the challenges directed at their validity must be determined according to New York law. *United States v. Rizzo,* 491 F.2d 215, 217 (2d Cir. 1974); *United States v. Manfredi,* 488 F.2d 588, 598 n. 7 (2d Cir. 1973). The New York courts have not developed any consistent position on this question however. Some courts have held that the failure to include a minimization directive is a fatal defect, *People v. Sturgis,* 76 Misc.2d 1053, 352 N.Y.S.2d 942 (Sup.Ct.1973); *People v. Kennedy,* 75 Misc.2d 10, 347 N.Y.S. 2d 327 (Green Cty. Ct.1973); while other courts have held that the omission is "nothing more than a 'de minimis' oversight." *People v. Solomon,* 74 Misc.2d 926, 346 N.Y.S.2d 938 (Sup.Ct.1973).[4]

Aware of this division of opinion, the Court of Appeals in *United States v.*

---

2. The affidavit of Thomas Armett states (at page 2) that:

   " . . . on a number of occasions, the need to minimize interception and recording of conversations not pertinent to the investigation of the narcotics activities of Ray Daniels and 'China' was discussed. The following guideline was established in these discussions: no personal calls were to be intercepted or recorded and, once the policemen monitoring the wiretap on 498–4607 determined a call was in fact personal, monitoring and recording of that call was to be terminated immediately."

3. Under § 700.30 of the CPL, the warrant must contain:

7. A provision that the authorization to intercept shall be executed as soon as practicable, shall be conducted in such a way as to minimize the interception of communications not otherwise subject to eavesdropping under this article, and must terminate upon attainment of the authorized objective, or in any event in thirty days; . . . .

4. In *Solomon,* the court stated that since the renewal order contained a minimization directive it was clear that the failure to include such a directive in the first order was merely an oversight. 74 Misc.2d at 929, 346 N.Y.S. 2d at 941.

*Manfredi, supra,* found it necessary to adopt its own interpretation of § 700.30 (7). In *Manfredi,* neither the original nor the renewal warrant contained a minimization directive. However, the affidavit submitted in support of the warrant application did contain an agreement to minimize in accordance with the requirements of § 700.30(7). *Id.* at 592. The court reasoned that since the underlying purpose of this section was to assure that those carrying out the interceptions were aware of the minimization requirement, so long as this purpose was accomplished, the absence of a specific minimization provision in the order was not fatal. The court stated therefore that the orders and the supporting affidavits should be read together in a "common-sense and realistic fashion" to determine whether the officers were aware of the minimization requirement. Applying this reading, the court held that the order was not invalid since the affidavit evidenced knowledge of the minimization requirement and an agreement to abide by it. *Id.* at 598. *See United States v. Cirillo,* 499 F.2d 872, 879 (2d Cir. 1974).

■ In *United States v. Cirillo, supra,* the Court of Appeals applied this same reasoning to a case involving facts virtually identical to those now before this court. In *Cirillo,* the court upheld a warrant in which neither the order nor the supporting affidavit contained a minimization directive. Instead, the court relied upon "other convincing evidence" which demonstrated that the officers conducting the wiretap were aware of the minimization requirement and abided by it. *Id.* at 879. In reaching this conclusion the court again emphasized the fact that the purpose of § 700.30(7) was accomplished despite the absence of minimization language in the order. In the present case, the government's affidavit and motion papers similarly demonstrate that the officers conducting the wiretap were aware of the minimization requirement and abided by it. Accordingly, the court concludes

that the absence of a minimization directive did not violate § 700.30(7), and the motion to suppress on this ground must be denied.

■ Evans and Daniels also allege that the officers conducting the wiretap failed to minimize interception of personal calls. This claim is apparently based solely on defendants' own conclusory allegations since the tapes have been made available for inspection by defense counsel, yet none has chosen to examine them. Nevertheless, it is clear that the burden of demonstrating compliance with the minimization requirement rests, at least in the first instance, with the government. *United States v. Rizzo,* 491 F.2d 215, 217 n. 7 (2d Cir. 1974). The affidavit submitted by the government states that although all calls were monitored, once a call was determined to be personal in nature the interception was terminated. Additionally, the government states that of the 649 calls monitored, 381 were apparently drug-related, while 267 were thought to be personal. Interception of most of the personal calls was terminated within the first minute of the conversation, although in a few instances a longer time was required to ascertain the nature of the call.

■ On the basis of these statements, the court finds that the government has satisfied its burden of demonstrating compliance with the minimization instructions. As a basis for its conclusion, the court is guided by two decisions of the Court of Appeals in which minimization procedures quite similar to those employed in this case were upheld. *United States v. Rizzo, supra* at 217; *United States v. Bynum,* 485 F.2d 490 (2d Cir. 1973). In these decisions the court specifically stated that monitoring of all calls did not in itself constitute a violation of the minimization requirement. In this regard, the court noted the practical impossibility of devising an adequate screening process when the subject crime is a complex drug conspiracy. The court recognized that

in such cases the only reliable method of surveillance requires initial interception of all conversations, and prompt determination of their nature. Here, where the interception of personal calls was promptly terminated, the court finds no basis for the defendants' claim.

■ It should also be noted that the court has not reviewed the 649 conversations.[5] The court believes that the burden of rebutting the government's minimization claims falls on the defendants who allege the violation. Since defendants have failed to avail themselves of the opportunity to examine the tapes and have advanced nothing more than conclusory allegations concerning them, the court feels no obligation to look beyond the statements of the government. Naturally, were defense counsel to raise any specific disputes, the court would review the tapes. In the absence of such a dispute, however, the court will not spend the many hours it would require to review the tapes merely to satisfy defendants' suspicions.

■ The third challenge to introduction of the wiretap evidence is asserted by defendant John Bryant. Bryant claims that since he was not named as a target of the investigation in the original or the renewal order, and that since no amendment was sought to include him as a target after he was overheard, the seizure of his conversations violated § 700.65(4) of the CPL.[6] Section 700.20 of the CPL requires that the eavesdropping warrant identify the persons whose conversations are to be intercepted, if known; and § 700.65(4) requires that the warrant be amended to include the name of the party whose conversation is intercepted when that conversation was not otherwise sought. The New York courts were divided on the correct interpretation of this section until the Court of Appeals resolved the question in *People v. Gnozzo*, 31 N.Y. 2d 134, 335 N.Y.S.2d 257, 286 N.E.2d 706 (1972). In *Gnozzo*, the court stated that where the communication intercepted involves the same crime specified in the warrant, the communication is one which is "sought" under that warrant, and no amendment is required. *Id.* at 142, 335 N.Y.S.2d at 260, 286 N.E.2d at 709. An amendment is required under this section when the intercepted communication involves a different crime than the one being investigated. *Id.* Therefore, although it is conceded that John Bryant was not named in the original or amended eavesdropping warrants, there is no claim that the intercepted conversation in which he was a participant involved a crime other than the one then under investigation. Accordingly, the overhearing of Bryant did not exceed the authority of the warrant since it was "sought", and no amendment was required.[7] *United States v. O'Neill*, 497 F.2d 1020 (6th Cir. 1974); *People v. Gnozzo, supra;*

5. The court in *Rizzo* also ruled on the minimization issue without reviewing the intercepted calls. *United States v. Rizzo, supra* at 218. The defendants in *Rizzo* also failed to rebut the evidence presented by the government, and, on the basis of the government's description of its procedures, the court rendered its determination that the government complied with the minimization requirement. *Id.*

6. Section 700.65(4) provides:
   When a law enforcement officer, while engaged in intercepting communications in the manner authorized by this article, intercepts a communication which was not otherwise sought and which constitutes evidence of any crime that has been, is being or is about to be committed, the contents of such communications, and evidence derived therefrom, may be disclosed or used or provided in subdivisions one and two. Such contents and any evidence derived therefrom may be used under subdivision three when a justice amends the eavesdropping warrant to include such contents. The application for such amendment must be made by the applicant as soon as practicable. If the justice finds that such contents were otherwise intercepted in accordance with the provisions of this article, he may grant the application.

7. In reaching this conclusion the Court of Appeals relied upon the legislative history of § 825 of the Code of Criminal Procedure (the forerunner to § 700.65(4)). This history clearly establishes the legislature's intent to require amendment only in those cases where an "agent unexpectedly overhears an in-

*People v. Palozzi,* 44 A.D.2d 224, 353 N.Y.S.2d 987 (4th Dept. 1974).

The interpretation given § 700.65(4) in *Gnozzo* has been applied in several decisions which raised factual issues similar to those present in this case. *United States v. O'Neill, supra, People v. Palozzi, supra.* It is important to distinguish these cases from others such as *United States v. Capra,* 501 F.2d 267 (2d Cir. 1974) and *People v. DiStefano,* 45 A.D.2d 56, 356 N.Y.S.2d 316 (1st Dept. 1974), relied upon by defendants. In these latter cases either the defendant or the crime overheard were totally unrelated to the investigation initiated in the original order. In *DiStefano,* the defendant was overheard discussing a robbery, though the eavesdropping was directed at investigation of alleged gambling offenses. In *Capra,* the warrant authorized interception of the calls of Joseph DellaValle, while in fact the officers tapped the conversation of Stephen DellaCava. It is clear that in neither of these cases was there probable cause for interception of the particular conversations since they did not relate to the authorizing warrant. Consequently, an amendment was neccessary.

The court finds that the interception of John Bryant's telephone conversation was proper, and the motion to suppress his conversation is denied.

Bryant has also moved to suppress all information and evidence against him which was derived from his overheard conversation. Since this motion is premised entirely upon the assumption that the overhearing was illegal, this motion must also be denied.

The motions to suppress are in all respects denied and it is

So ordered.

## ON MOTION FOR LEAVE TO REARGUE

In a letter dated April 18, 1975, defendant John Bryant requests reconsideration of the memorandum of decision and order in the above entitled action dated April 14, 1975. The court treats this letter as a motion for leave to reargue pursuant to Rule 9(m) of the General Rules of this court.

Defendant fails to raise any factual or legal issues which had not been considered by the court in the course of its original determination. Accordingly, the motion must be denied under Rule 9(m). Nevertheless, to eliminate any possible confusion regarding the basis of its determination, the court deems it appropriate to further explicate its reasoning on the issue raised by defendant.

Defendant's basic claim is that the seizure of his conversation was not authorized by the warrant, and that once agents realized they had intercepted the conversation of a party not named in the warrant, they should have sought an amendment to the warrant including him as a party whose communication could be intercepted. Defendant's particular objection to the court's decision is based on his contention that the court's reliance on *People v. Gnozzo,* 31 N.Y.2d 134, 335 N.Y.S.2d 257, 286 N.E.2d 706 (1972) is misplaced and that instead, *United States v. Capra,* 501 F.2d 267 (2d Cir. 1974) is controlling.

Although it is true, as defendant points out, that the facts in *Gnozzo* differ from those in this case,[1] the court is convinced that the interpretation given to § 700.65(4) of the Criminal Procedure Law of New York in *Gnozzo* is applicable in this case as well.[2] In the course of its decision permitting an in-

---

criminating conversation that is totally unrelated to the crime for which the warrant was issued." *People v. Gnozzo, supra,* 31 N.Y.2d at 263, 335 N.Y.S.2d at 263, 286 N.E.2d at 710.

1. In *Gnozzo,* the intercepted conversation was between a party named in the warrant and another party, against whom the conversa-

tion was used, who was not named in the warrant. In the present case neither of the parties overheard was named in the warrant authorizing the wiretap.

2. Section 700.65(4) is set forth in full in the memorandum of decision dated April 14, 1975.

tercepted conversation to be used against a party not named in the warrant, the Court of Appeals gave its interpretation of § 700.65(4) in plain, broad terms. The court stated that "[w]hether an amendment is required depends on the disclosure of a different crime, and perhaps on other circumstances, but not against whom the communication is to be used." *People v. Gnozzo, supra,* 31 N.Y.2d at 143, 335 N.Y.S.2d at 263, 286 N.E.2d at 710. The court based this conclusion in part, on the statutory history of § 700.65(4), which clearly establishes the legislature's intent to require an amendment only in the event that evidence of a crime different from the one specified in the warrant is obtained. *Id.* at 143–44, 335 N.Y.S.2d 257, 286 N.E.2d 706.

From this reading of § 700.65(4), it is apparent that the pivotal issue in determining whether an amendment is required when the conversation of a party other than one named in the warrant is overheard, is whether that conversation relates to investigation of the crimes enumerated in the warrant, not whether the overheard party was named in the warrant. Therefore, even though *Gnozzo* does not present precisely the same factual issues, the application of its holding in the present case seems inescapable. The application of *Gnozzo* to the present case draws further support from the fact that this same interpretation of § 700.65(4) was recently employed in an Appellate Division decision involving the same factual issues present in this case. *People v. Palozzi,* 44 A.D.2d 224, 353 N.Y.S.2d 987 (4th Dept. 1974). In *Palozzi,* the court stated:

> "The fact that the defendant was not named in the warrant is not controlling. An examination of the application and affidavit upon which the order issued convinces us that it was a valid warrant based upon probable cause. Accordingly, the intercepted conversation may be used against the defendant even though he was not

named in the warrant. (citing *Gnozzo*)."

*Id.* at 226, 353 N.Y.S.2d at 989.

Additionally, the court adopted the reasoning applied in *United States v. Kahn,* 415 U.S. 143, 157, 94 S.Ct. 977, 39 L.Ed.2d 225 (1974) in which the Supreme Court held that a valid wiretap order extends authority to intercept all communications made from a particular telephone relating to a designated crime. Moreover, this same conclusion regarding the interpretation of § 700.65(4) was reached by the Court of Appeals for the Sixth Circuit in *United States v. O'Neill,* 497 F.2d 1020, 1023 (6th Cir. 1974). Thus, the court's determination is based on firm and consistent authority.

The facts in *United States v. Capra, supra,* however, on which defendant places principal reliance, stand in sharp contrast to those presented in the above decisions. Indeed, in this respect, *Capra* lends additional support to the court's determination. As discussed in the prior decision, *Capra* involved a situation in which the wire surveillance was directed against one individual, Stephen DellaCava, while the warrant authorized interception of an entirely different person, Joseph DellaValle. Thus, in *Capra,* probable cause for the seizure which occurred was never established, and the warrant was invalid. Similarly, in *People v. DiStefano,* 45 A.D.2d 56, 356 N.Y.S.2d 316 (1st Dept. 1974), on which defendant also relies, the prosecution attempted to use a conversation relating to a robbery, although the warrant only authorized seizure of conversations concerning organized crime activities. Here again, the warrant did not authorize seizure of this conversation, and the motion to suppress was appropriately granted.

Neither of these infirmities is present in this case. Unlike the situation in *Capra,* in the present case the warrant established probable cause to intercept conversations of two individuals, and the

interceptions were correctly directed at these individuals. Furthermore, in this case the defendant's intercepted conversation related to narcotics offenses, the crime specified in the warrant. Therefore, *Capra* and *DiStefano* are inapposite.

The seizure of Bryant's conversation was proper under the statute. Accordingly, the motion for leave to reargue the decision of April 14, 1975, is in all respects denied and it is

So ordered.