THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY SCARNATI, Appellant.

The electronic eavesdropping warrant was issued based on probable cause to believe that the defendant was committing the crimes of criminal usury in the first degree (Penal Law § 190.42) and criminal usury in the second degree (Penal Law § 190.40; see, People v Bigelow, 66 NY2d 417, 423; People v Manuli, 104 AD2d 386). While each singular allegation of fact contained in the affidavit would have been insufficient standing alone, in the aggregate probable cause was established

(People v Manuli, supra, at 387; see, United States v Shakur, 560 F Supp 337, 345). Additionally, given the initial showing, coupled with the ongoing nature of the defendant's usurious activities, probable cause existed that electronic eavesdropping in the defendant's car and over his home telephone would yield evidence of such offenses (see, CPL 700.15 [3]; see, People v Mazzarello, 116 AD2d 808, lv denied 67 NY2d 886).

The absence in the warrant of the statutory directive that interceptions must terminate upon attainment of authorized objectives (CPL 700.30 [7]) was not fatal, as the warrant did direct termination within 30 days during which progress reports were produced before the issuing Justice, and the subsequent extensions each included all statutorily mandated language (see, People v Baris, 116 AD2d 174, lv denied 67 NY2d 1050; People v Palozzi, 44 AD2d 224). While we are mindful that electronic eavesdropping warrants and the concomitant intrusion into one's privacy are generally strictly construed (see, e.g., People v Washington, 46 NY2d 116), the instant omission caused the defendant to suffer no prejudice whatsoever and as such was de minimis (see, People v Solomon, 74 Misc 2d 926).

Finally, by specifically requesting the lesser included charge of criminal usury in the second degree, the defendant waived geographical jurisdictional objections (see, CPL 20.40) to this prosecution in the County Court, Nassau County. Under the indictment, the defendant was charged with criminal usury in the first degree (Penal Law § 190.42) for crimes occurring in both Nassau and Queens Counties. His subsequent request for jury consideration of the lesser included offense of criminal usury in the second degree waived his objections that certain of the crimes of which he was convicted occurred solely in Queens County. When an error in the charge comes at the request of the defendant, he may not be heard to complain on appeal (People v Shaffer, 66 NY2d 663; People v Glover, 57 NY2d 61; see also, People v Weissinger, 104 AD2d 917, 918).

We have examined the defendant's remaining contentions and find them to be without merit (see, People v Basilicato, 64 NY2d 103; People v Winograd, 68 NY2d 383; People v Rumpel, 111 AD2d 481; People v Gallina, 95 AD2d 336; People v Versace, 73 AD2d 304). Bracken, J. P., Lawrence, Kunzeman and Harwood, JJ., concur. [See, 133 Misc 2d 795.]