■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID CAMPAIGNI, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted, upon a plea of guilty, of several counts of criminal possession of a controlled substance and one count of criminal possession of a weapon, third degree. On appeal, defendant argues that the suppression court erred by failing to suppress evidence obtained through the use of eavesdropping warrants for defendant's residential telephone and for two public telephones, and pursuant to a search warrant executed at defendant's residence.

Probable cause for the issuance of the eavesdropping warrants was demonstrated before the issuing Magistrate, and the police made an adequate showing that normal investigative procedures had been tried and had failed and other investigative procedures appeared unlikely to succeed if tried (CPL 700.15 [4]). The police are not required to exhaust all possible steps before applying for an eavesdropping warrant *(see, People v Baris,* 116 AD2d 174, *lv denied* 67 NY2d 1050; *People v Carson,* 99 AD2d 664, 665). "The court must test the People's showing in a practical and commonsense fashion in the context of the objectives of the investigation" *(People v Baris, supra,* at 187; *see also, People v Bavisotto,* 120 AD2d 985, *lv denied* 68 NY2d 912, *cert denied* 480 US 933; *People v Gallina,* 95 AD2d 336, 339-340). In the present case, the affidavits of law enforcement personnel in support of the warrant applications reveal that surveillance had been attempted, but the residential character of the neighborhood in which defendant lived made effective surveillance very difficult. Moreover, informants had provided information that defendant's drug business was conducted primarily over the telephone. Attempts by informants to be introduced to defendant by their suppliers had been rebuffed. We find that this showing satisfied the mandate of CPL 700.15 (4).

We reject defendant's argument that the wiretaps were not terminated upon the achievement of their authorized objectives. The objectives of the wiretaps were not restricted to obtaining a search warrant for defendant's residence, but included uncovering evidence of a larger, drug-related conspiracy *(see, People v Baris, supra,* at 190; *cf., People v Mark,* 68 AD2d 315). The failure of the warrants to contain a provision that interception must terminate upon the attainment of the authorized objective (CPL 700.30 [7]) is not fatal, absent a showing of prejudice to the defendant *(see, People v Scarnati,* 140 AD2d 469, *affg* 133 Misc 2d 795: *People v Baris, supra;*

*People v Palozzi*, 44 AD2d 224). No such showing was made here.

The suppression court did not abuse its discretion by rejecting defendant's amended motion to suppress as untimely because counsel failed to demonstrate good cause for the delay in raising these issues (CPL 255.20 [3]). Although the interception of conversations between defendant and his attorneys while the search warrant was being executed at defendant's residence was clearly improper, the People conceded that they would not have been able to introduce any evidence of these conversations at trial. Furthermore, defendant failed to raise a timely argument that the police failed to utilize proper minimization techniques during the course of the surveillance; thus, the record on this issue is insufficient to allow for appellate review of this question *(cf., People v Brenes,* 42 NY2d 41; *People v Floyd,* 41 NY2d 245).

The application for the search warrant complied sufficiently with CPL 690.35 *(see, People v Brown,* 40 NY2d 183). We agree with the suppression court that CPL 690.36 does not apply under the facts of the present case *(see generally,* Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 690.36, at 386-388).

We have reviewed defendant's remaining contentions and find them to be either unpreserved for review or lacking in merit. (Appeal from judgment of Onondaga County Court, Auser, J.—criminal possession of controlled substance, first degree, and other charges.) Present—Doerr, J. P., Denman, Boomer, Green and Pine, JJ.