him, under then existing law, to consecutive terms for carrying a weapon during the assault; and thus did not violate relator's rights under the Due Process and Double Jeopardy Clauses of the Constitution. Moreover, relator's challenge to his 1967 conviction is not ripe. That challenge is the subject of a motion currently pending.

Finally, even if relator's claims were meritorious, there would be no basis for granting him credit against his 1982 and 1983 convictions for time served pursuant to the 1967 and 1968 convictions *(see, Matter of Hawkins v Coughlin,* 72 NY2d 158, 161-165; *Matter of Mullen v Coughlin,* 142 AD2d 5, *lv denied* 73 NY2d 708). (Appeals from Judgment of Supreme Court, Wyoming County, Dadd, J.—Article 78.) Present—Denman, P. J., Green, Balio, Fallon and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM TURNER, Appellant. (Appeal No. 1.) [595 NYS2d 268] —Judgment unanimously affirmed. Memorandum: We reject defendant's contention that the eavesdropping application failed to show that normal investigative techniques had been tried without success or that they would be unlikely to succeed if tried *(see,* CPL 700.15 [4]; *People v Campaigni,* 151 AD2d 1010, *lv denied* 74 NY2d 845). Further, there is no basis for defendant's contention that the eavesdropping application was based partly on the fruits of a previous eavesdropping warrant that had been illegally issued. (Appeal from Judgment of Monroe County Court, Connell, J.—Criminal Sale Controlled Substance, 2nd Degree.) Present—Denman, P. J., Green, Balio, Fallon and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM TURNER, Appellant. (Appeal No. 2.) [595 NYS2d 359] —Judgment unanimously affirmed. Same Memorandum as *People v Turner* ([appeal No. 1] 191 AD2d 978 [decided herewith]). (Appeal from Judgment of Monroe County Court, Connell, J. —Conspiracy, 4th Degree.) Present—Denman, P. J., Green, Balio, Fallon and Boehm, JJ.

■ BARRETT R. HAYES, Plaintiff, v CRANE HOGAN STRUCTURAL SYSTEMS, Defendant and Third-Party Plaintiff-Respondent-Appellant. P.S. BRUCKEL, INC., Third-Party Defendant-Appellant-Respondent. [594 NYS2d 923] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly denied the cross motion by defendant and third-party