OPINION OF THE COURT
Harold J. Rothwax, J.
The defendant has been indicted, together with accomplices, for the crimes of criminal sale of a controlled substance, criminal possession of a controlled substance, criminal possession of a weapon, and conspiracy. These charges result from an investigation by the New York City Police Department and the Drug Enforcement Administration into an alleged wholesale narcotics distribution ring. As part of the investigation, Justice Herbert Altman of the Supreme Court, New York County, issued an eavesdropping warrant, effective February 3, 1983, for the interception of telephone communications of one E.J. Canty, a codefendant herein, with coconspirators, accomplices and others pertaining to the purchase, sale, transfer or possession of narcotics and conspiracy to commit such crimes, over the telephone registered to Canty in New York County. Based upon the seizure of conversations to which the defendant, Canty’s roommate, was a party, on February 4, 5, 7, 19 and 21, 1983, the warrant was retroactively amended on February 24,1983 to include the defendant as a target of interception.
The defendant’s contention in regard to the eavesdropping warrant is that the continued interception of the defendant’s conversation with other nontargets, after she *570 had been identified by the monitoring officers as “Paula,” without amending the warrant to include her as a target, violated the identification and amendment provisions of the statute. (CPL 700.30, subd 2; 700.65, subd 4.) The court does not find that there was probable cause to name the defendant as a target when the warrant was issued, and the defendant does not so contend (see United States v Kahn, 415 US 143,155). On the second day of interception (Feb. 4, 1983), the defendant was twice overheard in conversation with one Cynthia Hughie, regarding a delivery of narcotics by the defendant for Hughie. Similar conversations involving the same parties were intercepted on February 5, 7, 19 and 21. The defendant’s identity was established on February 4, when she was observed by police officers as she complied with the telephone directives. She was not, thereafter, among the class of potential interceptees whose identity was unknown to the executing officers (cf. United States v Kahn, supra). There was, as of February 4, probable cause to believe that the defendant was among the persons committing the designated offenses, whose communications would be foreseeably intercepted. (CPL 700.20, subd 2, par [b], cl [iv].) The defendant, therefore, asserts that based upon her initial conversations, the warrant should have been amended to include her as a target, as soon as probable cause to name her arose.
The court finds no support for the defendant’s contention, either in the language of the statute or in constitutional principle. The initial seizure of the defendant’s conversations was lawful, insofar as she was an unknown party engaging in communications regarding the designated offenses over the target telephone. (People v Floyd, 41 NY2d 245, 252; People v Di Stefano, 38 NY2d 640, 648-649; see United States v Kahn, supra, p 157.) The failure to name persons whose incriminating conversations were not foreseeable did not render the warrant constitutionally infirm. (United States v Kahn, supra.) Given the validity of the warrant as of its issuance, the court must consider whether the subsequent failure to name the defendant, upon discovering her identity, contravened any statutory requirement. The amendment provisions of the statute (CPL 700.65, subd 4) specifically refer to the interception of *571 communications “not otherwise sought”. The defendant’s conversations do not fall within the ambit of that provision, which requires an amendment for the preservation of such conversations “as soon as practicable”, since the conversations at issue obviously pertained to the designated offenses. (Cf. People v Gnozzo, 31 NY2d 134, 143; People v O’Meara, 52 NY2d 990.) The only other pertinent statutory provision is the requirement that an application for an order of extension “conform in all respects to the provisions of section 700.20” (CPL 700.40). Among the provisions of section 700.20, is the requirement of a statement of “the identity of the person, if known, committing such designated offense and whose communications are to be intercepted” (CPL 700.20, subd 2, par [b], cl [iv]). This section may require the identification of any person as to whom probable cause has arisen since the inception of the eavesdropping, in any application for extension of the warrant. (Cf. United States v Donovan, 429 US 413, 432-437.) However, in the instant case, the warrant was retroactively amended to name the defendant as a target of interception on February 24, 1983, prior to the expiration of the initial order, and the defendant was thereafter named in the extensions. The court, accordingly, finds no statutory or constitutional irregularity in the procedures here employed.