■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONALISA WARD, Appellant. — Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered January 26, 1982, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the seventh

degree. Defendant was charged with two counts of criminal possession of a controlled substance in the third degree (Penal Law, § 220.16, subds 1, 12). The facts are fully set forth in this court's decision affirming the conviction of codefendant Roosevelt Cobb (see *People v Cobb,* 98 AD2d 906). Following a suppression hearing, the trial court ruled, *inter alia,* that the police had probable cause to arrest defendant and that the pocketbook search was proper. Following a jury trial, defendant was convicted of criminal possession of a controlled substance in the seventh degree (Penal Law, § 220.03) as a lesser included offense of the first count of the indictment. She was sentenced to a one-year term of imprisonment. This appeal ensued. Defendant contends that Detective Sutton did not have probable cause to arrest her or to conduct a warrantless search of her pocketbook. We reject this argument since the information given to Detective Sutton by informant Addison, when assessed in light of the two-prong test of *Aguilar v Texas* (378 US 108),[*] clearly establishes probable cause for the arrest and the warrantless search. We also turn away defendant's point that she was denied a fair trial by the trial court's rulings that informant Addison could not be called to testify and that Detective Sutton could not be cross-examined concerning his conversation with informant Addison. On July 1, 1981, when Addison advised Detective Sutton that defendant and Cobb were going to New York City to purchase cocaine for resale in Albany, his reliability as an informant had already been established. On two prior occasions he had given accurate information to Albany police which aided a drug arrest and an arrest for armed robbery. Thus, the first prong of *Aguilar* was clearly satisfied. We turn now to the second *Aguilar* prong, that of the basis of knowledge of the informant. It is clear that at the time of the arrest and search, Detective Sutton knew that defendant and Cobb had driven to New York City to purchase cocaine and had returned, as evidenced by Sutton hearing Cobb comment at 9 Benjamin Street that, "This is good stuff — its burning my nose." Detective Sutton also knew the round trip to New York City had been made in a brown two-door Oldsmobile, which was the same type vehicle defendant drove to Cobb's residence shortly before her arrest. Thus, the information available to the police gave them probable cause to arrest defendant (see *People v Oden,* 36 NY2d 382). Next, since Detective Sutton had reason to believe that the car contained evidence related to the crime for which defendant was arrested, the search of the car, including defendant's pocketbook, was proper (*People v Langen,* 60 NY2d 170; see *People v Belton,* 55 NY2d 49, 54-55). Finally, defendant's contention that it was reversible error for the trial court to deny her request that informant Addison be called to testify and to limit the cross-examination of Detective Sutton is without merit. The Court of Appeals in *People v Perez* (48 NY2d 744) held it not to be error for the trial court to refuse a demand by a defendant for production of an informant to testify where, as here, the purpose of such demand is not relevant and helpful to the defense. The trial court acted well within its discretion in holding that materiality and relevance sufficient to require production of the informant had not been shown. Credibility of the informant is not enough (*id.,* at p 746). Further, no error was committed by limiting the cross-examination of Detective Sutton concerning his conversation with informant Addison. Any testimony of Addison would be irrelevant at trial since the issue of probable cause for defendant's arrest and search had already been determined at the suppression hearing and was not before the jury. Judgment affirmed. Mahoney, P. J., Main, Casey, Weiss and Levine, JJ., concur.

---

[*] Although the *Aguilar* test has recently been abandoned by the Supreme Court in *Illinois v Gates* (462 US __, 103 S Ct 2317 ["totality of the circumstances" test]), the Court of Appeals, in a related context, specifically did not consider the effect of *Gates* on New York law (*People v Landy,* 59 NY2d 369, 375, n). This court has recently adhered to the *Aguilar* test (see *People v Brown,* 95 AD2d 569, 572).