■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS MANULI, Appellant. — Appeal by defendant from a judgment of the County Court, Rockland County (Meehan, J.), rendered September 6, 1983, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial of defendant's motion to suppress evidence obtained pursuant to an eavesdropping warrant.

Judgment affirmed, and case remitted to the County Court, Rockland County, for further proceedings pursuant to CPL 460.50 (subd 5).

Although the Supreme Court of the United States has recently held that reasonable police reliance on a duly executed search warrant will save a search even though the absence of

probable cause for issuance of the warrant is later established (see *United States v Leon,* 468 US __ [July 5, 1984], 52 USLW 5155), we need not now decide how that holding affects State constitutional law, for we are not persuaded by defendant's claim that probable cause in support of the eavesdropping warrant was lacking. Initially, we note that the probable cause required for the issuance of an eavesdropping warrant is the same as that required for a search warrant (*People v Kaiser,* 21 NY2d 86, 96, affd *sub nom. Kaiser v New York,* 394 US 280). Although in determining whether a warrant is to be deemed more than a mere rubber stamp of the application and supporting affidavits it must appear that the magistrate has conducted a "measured and comprehensive examination into the basis for the warrant" (*People v Hanlon,* 36 NY2d 549, 559), if a warrant has been issued, it will be presumed valid and the burden of proving otherwise will fall upon the challenger (cf. *People v Di Stefano,* 38 NY2d 640, 652). The issuing Judge has considerable discretion in determining the sufficiency of a wiretap application and, "[i]n review of the validity of the warrant, the court should determine whether a minimal showing was lacking so that the Judge abused his discretion in issuing it" (*People v Romney,* 77 AD2d 482, 484).

Here, there was no abuse of discretion. We agree with the suppression court that "[w]ithout engaging in an exacting dissection of each of the * * * affidavits [in support of the application], suffice it to say that while each singular allegation of fact would be insufficient, standing alone, to establish the probable cause required by CPL 700.15 ([subds] 1-5), when each such allegation is considered in conjunction with the others, the aggregate result satisfies the criteria of the * * * statute".

Among these allegations of fact were that defendant had been seen by a confidential informant selling what appeared to be cocaine in May, 1982. The identity of this eyewitness and sufficient information to assess his reliability were revealed to the issuing magistrate at an *in camera* proceeding.

In addition, investigators physically (not electronically) overheard telephone conversations placed from "Vincent's", a target location of their investigation. A pen register indicated that both of these calls were placed to defendant's home telephone. Each conversation, which included the apparent use of code words, resulted in a visit by one Joseph Mistrulli, a subject of a prior wiretap order, to defendant's home or restaurant. During the first of those visits, Mistrulli (and another party) were observed to have met defendant in the driveway of his home, whereupon defendant handed the former an object which Mistrulli looked at and placed in his pocket. Mistrulli and his

companion then returned to the parking lot of Vincent's, followed by the investigators, where they met the man who had placed the telephone call, one Frederick Blase. The subjects were then observed to examine the object and Mistrulli put one finger in the package; he then put his finger up to his nose "and then to Blase".

With regard to the nature of these overheard telephone calls, we note that cryptic and ambiguous conversations may serve as a predicate for probable cause when reasonably interpreted by an experienced investigator (*United States v Fury,* 554 F2d 522, 530-531; *United States v Principie,* 531 F2d 1132, 1138, cert den 430 US 905; *United States v Aloi,* 449 F Supp 698, 736; cf. *People v Germaine,* 87 AD2d 848, 849). The afore-mentioned conversations, as well as others with repeated references to "eightball", which one of the investigators stated generally referred to an eighth of an ounce of cocaine, met this test. Furthermore, the officers' observations of defendant Mistrulli and Blase tended to support their claim that a narcotics transaction had taken place (cf. *People v McRay,* 51 NY2d 594, 601; *People v Bittner,* 97 AD2d 33, 37).

Defendant also contends that he made a substantial preliminary showing before the suppression court that false statements were included in the subject eavesdropping application. We do not pass upon this issue because that court declined to consider the affidavit raising the issue due to its extremely late submission. We cannot deem the refusal to consider the late filed affidavit an abuse of discretion. Lazer, J. P., Gibbons, Thompson and Boyers, JJ., concur.