■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PENELOPE L. CONTOMPASIS, Appellant. — Levine, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered June 6, 1984, convicting defendant upon her plea of guilty of the crime of criminal possession of a controlled substance in the second degree.

On July 23, 1983, defendant was arrested at the Albany County Airport after the police found a quantity of cocaine in a baby powder container in her luggage. Also arrested were Donald Mazzarello and Deborah Gustafson. Defendant's bags had been searched pursuant to a search warrant issued by the Town Justice of the Town of Colonie. He had been informed by the police in their warrant application that Mazzarello, a "major narcotics trafficker", would be using defendant as a "mule", i.e., an innocent-looking person who would carry narcotics through public places in order to elude detection by the police. Defendant, Mazzarello and Gustafson were ultimately charged with one count of criminal possession of a controlled substance in the first degree.

At the suppression hearing which followed, County Court ruled that (1) the search warrant authorizing, *inter alia,* the search of defendant and her belongings at the airport was properly issued upon probable cause, (2) an eavesdropping warrant to tap the telephone of one William Hodge (an associate of

Mazzarello) was valid, and (3) an eavesdropping warrant to tap Mazzarello's telephone was valid. County Court concluded by denying all suppression motions.

Defendant subsequently entered a guilty plea to the reduced charge of criminal possession of a controlled substance in the second charge. This appeal ensued.

Defendant's first argument on this appeal is that the cocaine which the police found in her possession should have been suppressed because the search warrant pursuant to which she was searched was not based on probable cause. Defendant relies on the two-pronged *Aguilar* test to bolster her argument, contending that its requirements that the reliability of the informant and of the basis of his knowledge be established before the issuance of a search warrant was not met here (*see, Aguilar v Texas,* 378 US 108, 114). However, the *Aguilar* standard is inapplicable to the instant case. It applies to situations wherein a search warrant "is sought on the basis of an affidavit made by a law enforcement officer reciting information relayed to him by another person", usually an unidentified informant (*People v Bartolomeo,* 53 NY2d 225, 233). That standard does not pertain to a case such as defendant's, where the information constituting probable cause for the warrant is derived from the firsthand knowledge of the police officer who is applying for it (*supra,* at 234). Here, the application for the warrant was not based on an informant's tip, but on the applicant police officer's own hearing of conversations in the course of the wiretaps regarding defendant's future criminal activities. Those conversations disclosed that Mazzarello would be coming to the Albany area from Colorado with a large quantity of cocaine and that defendant would be accompanying him as his "mule". These personal observations by the police clearly furnished probable cause to support the issuance of the search warrant.

This court has been reluctant to invoke the more flexible "totality of the circumstances" test set forth in *Illinois v Gates* (462 US 213, 103 S Ct 2317) in view of the Court of Appeals reluctance to do so (*see, People v Landy,* 59 NY2d 369, 375, n; *People v Ward,* 99 AD2d 561, 562, n; *People v Brown,* 95 AD2d 569, 572). That standard requires that the reviewing court ensure that the magistrate had a substantial basis for concluding that probable cause existed. However, were we to apply this more recent and relaxed standard to defendant's case, it is clear that the officer's personal knowledge of defendant's intended criminal activity as set forth in his supporting affidavit would have provided probable cause for the issuance of the warrant.

We are similarly unpersuaded by defendant's contention that the evidence obtained from the two wiretaps should be suppressed. She argues that the applications for the wiretaps were insufficient because the police did not satisfactorily show that normal investigative procedures had failed, or reasonably appeared unlikely to succeed, or would be dangerous (*see,* CPL 700.15 [4]; 700.20 [2] [d]). This contention is erroneous. The statements made by the police officers in their affidavits in support of their applications for the eavesdropping warrants were sufficient for the issuance of the warrants. The law requires only that the police " 'inform the authorizing judicial officer of the nature and progress of the investigation and of the difficulties inherent in the use of normal law enforcement methods' " (*People v Versace,* 73 AD2d 304, 308; *see, People v Carson,* 99 AD2d 664, 665). Here, that standard was met in that the police officers' affidavits set forth the progress of their investigation and the difficulties which might have arisen had they been forced to continue to employ normal law enforcement techniques which had previously proved unsuccessful. Accordingly, County Court was correct in denying defendant's motion to suppress the evidence derived from the wiretaps.

Defendant's argument that her right to due process of law was violated at the sentencing hearing is similarly unpersuasive. Specifically, she objects to (1) County Court's statement that she knew she was in possession of cocaine at the time of her arrest, and (2) the court's statement that it would make the presentence reports of her codefendants part of the record. The applicable standard of fairness at sentencing hearings is whether the defendant had an opportunity to refute the aggravating factors which might have negatively influenced the court (*People v Perry,* 36 NY2d 114, 119). Here, defense counsel and two character witnesses spoke on defendant's behalf. County Court then imposed the minimum sentence. Accordingly, on this record, there is no evidence that defendant's due process rights were violated.

We have examined defendant's remaining arguments and find them also to be without merit.

Judgment affirmed. Casey, J. P., Weiss, Mikoll, Levine and Harvey, JJ., concur.