■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES LA ROCCA, Appellant.—Appeal by defendant from a judgment of the County Court, Westchester County (Cowhey, J.), rendered November 17, 1983, convicting him of criminal sale of marihuana in the first degree and criminal possession of marihuana in the first degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed, and matter remitted to the County Court, Westchester County, for further proceedings pursuant to CPL 460.50 (5).

Pursuant to Westchester County indictment Nos. 81-0017-01 and 81-0018-01, defendant was charged, along with certain other named individuals, with having committed criminal sale of marihuana in the first degree, criminal possession of marihuana in the first degree and conspiracy in the fourth degree. After the denial of his motion to suppress, defendant pleaded guilty to criminal sale of marihuana in the first degree and criminal possession of marihuana in the first degree to satisfy both indictments.

It appears that in February 1980, the Greenburgh Police Department and the Westchester County District Attorney's Office, in connection with an investigation into illegal gambling, applied to the Supreme Court, Bronx County, for eavesdropping warrants to cover two telephones in Bronx County. On February 7, 1980, the application, which was supported by a 78-page affidavit of a detective, was granted.

By March 1980, the authorities gained knowledge of the involvement of one Junior Pelose in the illegal gambling operation as well as Pelose's involvement in certain loan-sharking activities. In April 1980 a wiretap order was secured against Pelose's two home telephones and thereafter certain conversations between the defendant and Pelose were intercepted. These conversations disclosed that the pair were involved in a plan to secure and sell narcotics. Following further investigation and the subsequent interception of another conversation between defendant and Pelose, defendant was arrested.

On this appeal defendant attacks the sufficiency of the affidavit employed to secure the original wiretap order signed on February 7, 1980 in connection with the illegal gambling operations. None of the defendant's conversations were intercepted as a result of this wiretap order. Further, defendant

had no proprietary interest in the telephones being tapped (*see, People v Troia,* 104 AD2d 389; *People v Gallina,* 95 AD2d 336). Since defendant was not a party to the conversations procured as a result of that wiretap, he has no standing to raise substantive claims concerning that warrant. Mangano, J. P., Brown, O'Connor and Weinstein, JJ., concur.