■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD V. MAZZARELLO, Appellant.—Levine, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered June 6, 1984, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the second degree.

During the spring and summer of 1983, police departments in Albany County conducted an investigation into the activities of a suspected drug operation. During the course of the investigation wiretaps were placed on several telephones, including one at defendant's residence. Through information gathered from the wiretaps, it was determined that defendant was a drug trafficker and that in July of 1983 he would be traveling to Colorado to purchase a quantity of drugs. On his return he would be accompanied by a "mule", i.e., an innocent looking person who carries narcotics through public places in

order to elude detection by police. On the basis of the foregoing information, a search warrant was obtained on July 22, 1983 authorizing the search of defendant, his companions and any luggage they possessed. On July 23, 1983, defendant was arrested at the Albany County Airport along with Penelope Contompasis and Deborah Gustafson after a search of Contompasis' luggage revealed a quantity of cocaine secreted in a baby powder container. Defendant was ultimately charged with one count of criminal possession of a controlled substance in the first degree.

At the suppression hearing which ensued, County Court denied all suppression motions, ruling that (1) the warrant authorizing the search of defendant and his companions and their luggage at the airport was properly based upon probable cause; (2) the eavesdropping warrant to tap the telephone of one William Hodges (a purported buyer of defendant's narcotics) was valid; and (3) the eavesdropping warrant to tap defendant's telephone was valid. Defendant subsequently entered a guilty plea to the reduced charge of criminal possession of a controlled substance in the second degree.

On appeal, defendant argues that (1) the warrant authorizing the search of defendant at the airport was not based upon probable cause; (2) the applications for the wiretaps were insufficient because the police did not show that normal investigative procedures had failed or reasonably appeared to be too dangerous to employ (see, CPL 700.15 [4]; 700.20 [2] [d]), and, therefore, the evidence gained from the wiretaps should be suppressed; and (3) the application for the wiretap of his telephone was insufficient as not presenting probable cause and, thus, the evidence derived from the wiretap should be suppressed.

With the exception of defendant's third contention, all of these arguments were raised and rejected in our decision in Contompasis' appeal (People v Contompasis, 108 AD2d 1077, lv denied 65 NY2d 814), and defendant has not made any persuasive argument for changing our ruling.

We are similarly unpersuaded by defendant's contention that probable cause was lacking for the issuance of the order to wiretap his phone. Before a wiretap may be utilized, there must be probable cause to believe that the suspect is committing or will commit an offense and that communications concerning such activities would be obtained through eavesdropping (CPL 700.15 [2], [3]). Here, two police officers submitted affidavits setting forth the following facts and circumstances to support the application for the eavesdropping war-

rant. Defendant had a prior record of drug-related convictions in Florida and Massachusetts. Several calls from his telephone were made in April and May of 1983 to a company in Aspen, Colorado, owned by a drug dealer identified as such by the Federal Drug Enforcement Administration. Moreover, the monitoring of telephone conversations of Hodges disclosed that, immediately after being asked to supply drugs to his customers, he either drove to defendant's residence or called defendant, asking to speak to "D" (defendant's first name is David) and engaged in cryptic conversations which knowledgeable police officers interpreted as inquiries as to defendant's available drug supply.

Considered in the aggregate, the foregoing facts and circumstances were more than sufficient to warrant a man of reasonable caution to believe that a crime had been or would be committed, and that a tap on defendant's phone would provide communications concerning those crimes (see, Berger v New York, 388 US 41, 55; CPL 700.20 [2] [b]). Defendant has not shown that the issuing Judge abused his discretion in determining the sufficiency of the wiretap application, nor has he proven that a minimal showing of probable cause was lacking (see, People v Manuli, 104 AD2d 386, 387).

Judgment affirmed. Mahoney, P. J., Kane, Mikoll, Levine and Harvey, JJ., concur.