■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY A. WOOD, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Ulster County (Traficanti, Jr., J.), rendered October 22, 1984, convicting defendant, upon his plea of guilty, of the crime of criminal possession of a controlled substance in the second degree.

In July 1982, a confidential informant contacted the Dutchess County Sheriff's office and stated that defendant was a major supplier of cocaine. The informant, who indicated that he had been a drug courier for defendant, provided detailed information about defendant's alleged drug trafficking activities. This tip was relayed to an investigator on the State Organized Crime Task Force and an independent investigation of defendant was commenced. During the ensuing three-month investigation, various evidence indicating defendant's involvement in drug activity was gathered. However, due in part to the rural location of defendant's residence and the fact that defendant had devices to detect police surveillance, investigators were unable to conduct a productive surveillance of defendant's residence.

On September 30, 1982, an application was made for an eavesdropping warrant authorizing a wire tap on the telephone located at defendant's residence. The application was supported by affidavits detailing information provided by the informant and learned from subsequent investigation by the police. On October 1, 1982, an eavesdropping warrant was issued by a County Judge. The warrant was subsequently extended and, as a result of information gleaned from the wire tap, an additional eavesdropping warrant was issued which authorized tapping the phone of an alleged accomplice of defendant, Erich Heinze.

In late November and early December 1982, information was obtained which revealed that a drug transaction would take place on December 4, 1982 at Heinze's residence. A police investigator submitted an application, supported by five affidavits, for a search warrant. The warrant was signed by a

County Judge. It was conditioned upon defendant traveling to the Heinze residence.

On December 4, 1982, police surveillance was established near the Heinze residence. Defendant arrived at the Heinze residence and when he subsequently left, the investigators followed him. While defendant was stopped at a red light, one of the investigators approached defendant's vehicle and held his badge up next to defendant's window in an attempt to execute the search warrant. Defendant responded by running the red light and taking flight. He was followed and eventually the police forced him to stop his vehicle on a bridge. As defendant was coming to a stop, one of the officers observed him throwing a black pouch out of his window. The pouch was later retrieved and found to contain 69 grams of cocaine.

Defendant was indicted for the crimes of criminal possession of a controlled substance in the second degree and equipping a motor vehicle with a radio receiving set capable of receiving signals on frequencies allocated for police use. Defendant moved to suppress all electronic eavesdropping documentation as well as the various physical evidence seized at the time of his arrest. Following a lengthy suppression hearing, defendant's motion was denied. Defendant then pleaded guilty to criminal possession of a controlled substance in the second degree in full satisfaction of the charges against him. This appeal ensued.

We find meritless defendant's contention that the eavesdropping warrant was not supported by probable cause. The application was based upon information provided by the confidential informant and evidence accumulated in an ongoing investigation of defendant. The informant's detailed descriptions of defendant's activities based upon his personal knowledge as a former drug courier for defendant, along with the fact that these revelations were against his penal interest, established an adequate basis to satisfy the knowledge and reliability requirements of the *Aguilar-Spinelli* test *(see, Spinelli v United States,* 393 US 410; *Aguilar v Texas,* 378 US 108; *see also, People v Baris,* 116 AD2d 174, 184; *People v Stafford,* 113 AD2d 995, 996). Also included in the application for the wiretap order was information regarding the independent police investigation which revealed, *inter alia,* that defendant engaged in numerous activities which knowledgeable police officers interpreted as consistent with drug dealing and that defendant had been previously arrested for drug-related activities. Viewing the evidence submitted in the aggregate,

we find that the threshold of probable cause was met *(see, People v Mazzarello,* 116 AD2d 808, 810).

The affidavits submitted in support of the eavesdropping warrant explained that the rural location of defendant's residence and the fact that he had police surveillance detection equipment created difficulties in the utilization of normal law enforcement methods. The requirements of CPL 700.15 (4) were satisfied *(see, People v Contompasis,* 108 AD2d 1077, 1079).

Next, defendant attacks the validity of the search warrant. We find that probable cause was established by the observation of defendant leaving the Heinze residence with a packet of white powder in his hand along with the numerous cryptic conversations recorded by the authorized wiretap which were interpreted by an officer with experience in narcotics investigations *(see, People v McRay,* 51 NY2d 594, 601; *People v Manuli,* 104 AD2d 386, 388). Further, the description in the warrant authorizing seizure of "cocaine, marihuana, books and records of drug deals and paraphernalia" was sufficiently particular with respect to the objects to be seized *(see, People v Sinatra,* 102 AD2d 189, 191). Hence, we conclude that the warrant, which was conditioned upon defendant's proceeding to the Heinze residence, was valid.

Finally, we note that even assuming the search warrant was not supported by probable cause, defendant's act of throwing the pouch containing cocaine out of his car window and into a river constituted an abandonment of the property such that police recovery of the pouch was not a seizure within the meaning of the US Constitution *(see, People v Boodle,* 47 NY2d 398, *cert denied* 444 US 969).

Judgment affirmed. Kane, J. P., Main, Weiss, Levine and Harvey, JJ., concur.