◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD MARANS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lakritz, J.), rendered October 15, 1985, convicting him of promoting gambling in the first degree and possession of gambling records in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a

hearing, of that branch of the defendant's omnibus motion which was to suppress evidence.

Ordered that the judgment is affirmed.

The notice requirement of CPL 700.70 is rooted in the Fourth Amendment's ban on unreasonable searches and seizures *(see, People v Merced,* 119 Misc 2d 238, 240). The defendant does not have standing to challenge the interception of the third-party conversations involved herein *(see, People v Edelstein,* 54 NY2d 306, 309). Since the defendant has failed to demonstrate that he was a party to intercepted conversations or that he had a proprietary interest in the wiretapped premises *(see, People v La Rocca,* 112 AD2d 1010; *People v Troia,* 104 AD2d 389, 390; *People v Sergi,* 96 AD2d 911; *People v Gallina,* 95 AD2d 336, 338; *see also, People v Ponder,* 54 NY2d 160, 165), the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress the physical evidence which was seized pursuant to a search warrant issued upon evidence derived from communications intercepted pursuant to the authorized wiretap, despite the People's failure to give notice pursuant to CPL 700.70.

The defendant's remaining contentions are without merit. Brown, J. P., Weinstein, Rubin and Spatt, JJ., concur.