■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT L. ROSSER, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered March 30, 1987, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the fourth degree.

Responding to an anonymous tip that several black males were selling stolen goods out of the back of a maroon van, Officer Daniel Taylor of the Albany Police Department came

upon a vehicle fitting that description double-parked on Dove Street just north of Hudson Avenue in the City of Albany. A tan pickup truck owned by defendant was double-parked directly behind the van. Noticing that the back doors of the van were open with several black males standing nearby, Taylor radioed for police backup and then parked in front of the van. Shortly thereafter, Taylor saw defendant leave the van carrying a brown package, enter his pickup truck and pull out into the traveled portion of Dove Street, prompting Taylor to pull his patrol car out in front of defendant's truck in order to block his passage. Defendant responded by putting his truck into reverse and slowly backing down the street. At approximately the same time, Officer James Taylor arrived on the scene and, at Daniel Taylor's direction, walked down the street after defendant. After proceeding approximately 75 to 100 feet down the street, defendant left his truck and began walking diagonally toward the east side of the street at a "rather quick" pace. Defendant stopped in front of a parked car and near a tree at the curb, bent down and made a "throwing" motion with his left hand. James Taylor then directed defendant to return to his pickup truck, which defendant did, walking in a "nonchalant" manner and smiling. A search of the area surrounding the base of the tree disclosed a quantity of cocaine.

Defendant was indicted for criminal possession of a controlled substance in the third and fourth degrees, unsuccessfully moved to suppress the cocaine and, following a jury trial, was convicted of criminal possession of a controlled substance in the fourth degree. He was sentenced as a second felony offender to a prison term of 7½ to 15 years, to run concurrently with the undischarged portion of a sentence imposed on a prior felony conviction. This appeal ensued.

Defendant's primary contention is that County Court erred in its determination to deny suppression of the cocaine found under the tree. We disagree. Accepting for the sake of our analysis that Daniel Taylor had no legal right to obstruct defendant's effort to drive away from the vicinity of the maroon van (see, People v Benjamin, 51 NY2d 267, 270; People v Sobotker, 43 NY2d 559, 564-565), we nevertheless find that the cocaine was disclosed as the result of defendant's independent act of abandoning the drug, thereby attenuating the taint of any prior illegality (see, People v Boodle, 47 NY2d 398, 402-404, cert denied 444 US 969). A person's intentional discarding of incriminating evidence constitutes an abandonment if it is "an independent act involving a calculated risk" (supra,

at 404), as opposed to "a spontaneous reaction to the necessity of evading his pursuers" *(see, People v Howard,* 50 NY2d 583, 593, *cert denied* 449 US 1023). An abandonment will be found when the time, although brief, was sufficient to permit the defendant "to reflect and formulate a strategy for ridding himself of the incriminating evidence" *(People v Boodle, supra,* at 404).

Turning to the case before us, defendant responded to the roadblock by backing up for some distance at a leisurely rate and then leaving his truck and walking to the side of the street, permitting more than adequate time for reflection and formulation of a strategy. After the drug had been abandoned, defendant smiled and his demeanor was casual, suggesting satisfaction with the apparent success of his scheme. This is in direct contrast to the demeanor of the defendant in *People v Howard (supra),* where a finding of "hot pursuit" was made *(supra,* at 593; *see, People v Santiago,* 136 AD2d 942; *People v Torres,* 115 AD2d 93; *cf., People v Greaves,* 123 AD2d 445, *lv denied* 69 NY2d 712; *People v Wood,* 125 AD2d 823). Here, the "pursuit" consisted of nothing more than James Taylor's act of walking down the street in the direction of a departing vehicle.

In our view, County Court acted within its discretion in denying the motion to suppress. Under the circumstances, we need not consider the remaining contention that, had the cocaine been suppressed, there was insufficient evidence to support the jury's verdict of guilty.

Judgment affirmed. Mahoney, P. J., Weiss, Levine, Mercure and Harvey, JJ., concur.