■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HUBBARD HAFNER, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of criminal possession of a controlled substance in the second degree, defendant's sole contention is that LSD was improperly seized from his apartment because the search warrant was based on information obtained from an improperly authorized wiretap on the telephone of Jessie Sanders. Defendant claims that the Sanders eavesdropping warrant was invalid because there was an insufficient showing that normal investigative techniques had been and would be un-

availing. In order to obtain an eavesdropping warrant, police must show that "normal investigative procedures have been tried and have failed, or reasonably appear to be unlikely to succeed if tried, or to be too dangerous to employ" (CPL 700.15 [4]; 700.20 [2] [d]). Eavesdropping warrants may not be used routinely as a first step in the investigation *(People v Baris,* 116 AD2d 174, 187, *lv denied* 67 NY2d 1050; *People v Gallina,* 95 AD2d 336, 339); on the other hand, police need not exhaust "all possible steps" *(People v Baris, supra,* at 187) or "every other imaginable method of investigation" *(People v Carson,* 99 AD2d 664, 665) before applying for an eavesdropping warrant. The police must illustrate the difficulties inherent in the use of normal law enforcement methods *(People v Carson, supra)* sufficient to insure that eavesdropping is more than just a " 'useful tool' " *(People v Baris, supra,* at 187). The People's showing must be tested in a practical and common-sense fashion in the context of the objectives of the investigation *(People v Campaigni,* 151 AD2d 1010; *People v Baris, supra; People v Gallina, supra,* at 340).

Applying those standards, we conclude that the Sanders' eavesdropping warrant was properly issued and that defendant's motion to suppress was properly denied. The affidavits and attached exhibits submitted to the issuing court established the wariness and evasiveness of the targets of the investigation, including Sanders. Police demonstrated that surveillance of Sanders' apartment would be unavailing and would have been virtually useless because the suspects conducted their dealings over the phone. Additionally, it was shown that wiretapping would be more effective than surveillance or attempting an undercover buy because wiretapping would reveal the location of drugs, the scope of the conspiracy, and the identity of its participants. (Appeal from judgment of Monroe County Court, Egan, J.—criminal possession of controlled substance, second degree.) Present—Dillon, P. J., Callahan, Denman, Green and Pine, JJ.