■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CONRAD IANNIELLO, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Delin, J.), rendered October 20, 1986, convicting him of criminal possession of a controlled substance in the second degree and criminal possession of a weapon in the fourth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the

defendant's omnibus motion which was to suppress evidence obtained pursuant to an eavesdropping warrant.

Ordered that the judgment is affirmed.

We are not persuaded by the defendant's claim that there was no probable cause for the issuance of the eavesdropping warrant. In this respect, we note that the probable cause required for the issuance of an eavesdropping warrant is the same as that required for a search warrant *(see, People v Tambe,* 71 NY2d 492; *People v Manuli,* 104 AD2d 386). In issuing a warrant, the court may properly rely upon reasonable inferences which can be drawn from the allegations of fact in the application *(People v Williams,* 119 AD2d 606), and the application must not be construed in a hypertechnical manner *(People v Tambe, supra).* The issuing court has considerable discretion in determining the sufficiency of a wiretap application *(see, People v Manuli, supra,* at 387), and after a review of the record, we find no indication that there was an improvident exercise of that discretion in this case.

Among the allegations of fact which were submitted in support of the warrant was that the defendant had been observed by a confidential informant participating in narcotics trafficking in 1982 and 1983. Sufficient information to assess the reliability of the informant was revealed to the issuing court; and when viewed with the other information provided sufficient probable cause that the defendant was involved in drug trafficking at the time of the issuance of the warrant. In this respect we note that just prior to the issuing of the warrant, a pen register placed on the defendant's telephone indicated that a substantial number of telephone calls had been made to individuals known by the police to be involved in narcotics trafficking. Specifically, there were many telephone calls both to and from premises which were known to be primarily utilized for the packaging, distribution and sale of narcotics. Additionally, independent police investigation, including surveillance and an undercover operation, further supported the conclusion that the defendant was involved in narcotics trafficking on the date of the issuance of the warrant. In light of the above, we find no reason to disturb the determination of the issuing court.

The defendant's claim that there was no probable cause to arrest him, and thus, that the subsequent search of his car was invalid, is without merit. Given the content of the intercepted conversations, including both express mention of, and implicit reference to, narcotics and other contraband, we find

that there was adequate probable cause to arrest the defendant *(see, People v Tambe,* 71 NY2d 492, *supra).* The search of the automobile at the time of the arrest was proper since the arresting officers had reason to believe that the car might " 'contain evidence related to the crime for which the [defendant] was arrested' ", and also, since there was a possibility that a weapon might be discovered *(see, People v Blasich,* 73 NY2d 673, 678; *People v Belton,* 55 NY2d 49).

A review of the defendant's challenge to the court's geographical jurisdiction was forfeited by his plea of guilty *(see, People v Hinestrosa,* 121 AD2d 469; *People v Amato,* 101 AD2d 890).

Finally, we find no basis for appellate modification of the sentence *(see, People v Suitte,* 90 AD2d 80). Mangano, J. P., Thompson, Lawrence and Rosenblatt, JJ., concur.