■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOMINICK CAPONIGRO, Appellant.—Appeal by the defendant from four judgments of the County Court, Rockland County (Nelson, J.), all rendered July 5, 1988, convicting him of criminal possession of a controlled substance in the second degree under indictment No. 87-349-01, conspiracy in the fourth degree under indictment No. 88-63-01, conspiracy in the second degree under indictment No. 88-64-01, and conspiracy in the fourth degree under indictment No. 88-68-01, upon his pleas of guilty, and imposing sentences. The appeal brings up for review the denial of that branch of the defendant's omnibus motion which was to suppress evidence obtained as a result of eavesdropping warrants.

Ordered that the judgments are affirmed.

The issue raised by the defendant with respect to the timely sealing of certain tape recordings made pursuant to a court-ordered telephone wiretap has been addressed on the appeal of his codefendant (see, People v Fata, 159 AD2d 180 [decided herewith]), and we find no basis for a different determination here.

We note that the defendant does not have standing to seek suppression of those conversations intercepted over the codefendant Fata's cordless telephone. The defendant failed to demonstrate that he was a party to any of those intercepted conversations or that he had a proprietary interest in the premises (see, People v Marans, 127 AD2d 795; People v La Rocca, 112 AD2d 1010; see also, People v Wesley, 73 NY2d 351). In any event, assuming arguendo that the defendant does have standing, suppression was properly denied for the reasons stated in People v Fata (supra).

We find that the sentence imposed was not excessive (People v Suitte, 90 AD2d 80). Kunzeman, J. P., Rubin, Eiber and Miller, JJ., concur.