◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS SICA, Appellant.—Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered November 22, 1988, convicting him of conspiracy in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of that branch of the defendant's omnibus motion which was to suppress evidence obtained as a result of eavesdropping warrants.

Ordered that the judgment is affirmed.

The defendant was convicted of conspiracy in the second degree based in part on evidence derived from eavesdropping warrants.

On appeal, he contends that the eavesdropping evidence should have been suppressed because the initial eavesdropping warrant application included conversations intercepted over the codefendant Fata's cordless telephone without a warrant and because certain tapes were untimely sealed. These issues have been addressed on the appeals of the defendant's code-

fendants *(see, People v Fata,* 159 AD2d 180; *People v Caponigro,* 163 AD2d 527 [decided herewith]) and we find no basis for a different determination here.

The defendant seeks suppression of the evidence derived from the eavesdropping warrants on the additional ground that the People failed to establish that normal investigative procedures were either tried without success, or reasonably appeared unlikely to succeed (CPL 700.15 [4]). However, we find that the affidavits submitted in support of the warrant applications met this requirement and adequately apprised the court of the nature and progress of the investigation. The People were not required to show that every other method of investigation had been exhausted *(see, People v Gallina,* 95 AD2d 336; *People v Versace,* 73 AD2d 304).

The indictment alleged that the defendant had conspired with other named individuals to possess and sell cocaine in Rockland County. The defendant contends that the court erred in permitting the prosecution to introduce certain tape recorded conversations before establishing a prima facie case of conspiracy. In order to introduce the declarations of the defendant's coconspirators into evidence, the People were required first to establish "by prima facie proof, the existence of a conspiracy between the declarant and the defendant 'without recourse to the declarations sought to be introduced' " *(People v Sanders,* 56 NY2d 51, 62, quoting *People v Salko,* 47 NY2d 230). We find that the tapes of the defendant's conversations, the evidence derived from the police surveillance activities and the recovery of cocaine discovered pursuant to a search warrant, were sufficient to establish a prima facie case of conspiracy. The declarations of the defendant's coconspirators were therefore properly admitted into evidence.

The defendant further contends that the court erred in failing to instruct the jury on the issue of multiple conspiracies. We find that such a charge was not warranted because the jury could not reasonably find the existence of multiple conspiracies from the evidence adduced at trial *(cf., People v Leisner,* 73 NY2d 140).

The court did not err in submitting to the jury the charged offense of conspiracy in the second degree and the lesser included offense of conspiracy in the fourth degree, and in refusing the defense counsel's request to submit the offense of conspiracy in the fifth degree. The defendant's conviction of conspiracy in the second degree, rather than the lesser in-

cluded offense, forecloses review of the trial court's refusal to charge conspiracy in the fifth degree (see, People v Boettcher, 69 NY2d 174; People v Richette, 33 NY2d 42; People v Norman, 147 AD2d 717). Furthermore, the court's instruction that the jury could not consider conspiracy in the fourth degree unless it first acquitted the defendant of conspiracy in the second degree was proper (see, People v Boettcher, supra).

The defendant waived his claim that the indictment was defective by failing to move to dismiss the indictment on that ground within 45 days of his arraignment (see, CPL 255.10, 255.20; People v Iannone, 45 NY2d 589; People v Udzinski, 146 AD2d 245).

We find that the sentence imposed was not excessive (see, People v Suitte, 90 AD2d 80).

The defendant's remaining contentions are without merit. Kunzeman, J. P., Rubin, Eiber and Miller, JJ., concur.