■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS A. MIGENIS, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant pleaded guilty to one count of criminal possession of a controlled substance in the second degree. His principal argument on appeal is that the suppression court erred in failing to suppress evidence obtained by means of an eavesdropping warrant for defendant's residential telephone. The argument is without merit.

It is well settled that the probable cause necessary for the issuance of an eavesdropping warrant is the same as that required for the issuance of a search warrant *(People v Tambe,* 71 NY2d 492, 500). The warrant application "should not be read in a hypertechnical manner * * * [but] must be considered in the clear light of everyday experience and accorded all reasonable inferences" *(People v Hanlon,* 36 NY2d 549, 559). Great deference will be accorded the finding of probable cause made by the issuing Magistrate *(People v Griminger,* 71 NY2d 635, 640; *People v Manuli,* 104 AD2d 386).

Here, in connection with the warrant application the issuing Magistrate heard the sworn testimony of an informant who asserted personal knowledge of defendant's possession and sales of drugs. The two-pronged *Aguilar-Spinelli* test *(see, Aguilar v Texas,* 378 US 108; *Spinelli v United States,* 393 US 410) is, therefore, inapplicable to the information provided by the informant because the Magistrate himself was in a position to assess the veracity of the witness in determining the

existence of probable cause (see, People v Taylor, 73 NY2d 683, 688; People v Bartolomeo, 53 NY2d 225, 233-234). The testimony of the informant, combined with the usable information contained in the police officer's affidavit, provides ample evidence to support the Magistrate's finding of probable cause.

We also find that the police made an adequate showing that normal investigative procedures were tried and had failed, and that further normal investigative procedures were unlikely to be successful (see, CPL 700.15 [4]). (Appeal from judgment of Chautauqua County Court, Adams, J.—criminal possession of controlled substance, second degree.) Present— Dillon, P. J., Callahan, Green, Balio and Davis, JJ.