■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v VINCENT A. SPANO, LESLIE DOMIANO, JOHN BALDI, RUSSELL T. AMSDEN, JR., and JOSEPH BONDANELLA, Respondents.—Order unanimously reversed on the law, motion denied and matter remitted to Supreme Court for further proceedings on the

indictment. Memorandum: The court erred in granting respondents' motion to suppress evidence obtained from a series of wiretaps that led to an indictment against seven defendants involving gambling offenses. The court held that the affidavit underlying the first eavesdropping warrant issued failed to show that less intrusive investigative techniques would fail (CPL 700.15 [4]). We disagree. While eavesdropping warrants should not routinely be the first investigative method employed *(see, United States v Giordano,* 416 US 505, 515; *People v Viscomi,* 113 AD2d 76, 77, *lv denied* 67 NY2d 658), they do not have to be the last resort *(see, People v Campaigni,* 151 AD2d 1010, *lv denied* 74 NY2d 845; *People v Baris,* 116 AD2d 174, 187, *lv denied* 67 NY2d 1050). The issuing Magistrate must be informed of the difficulties in using normal investigative techniques to ensure that eavesdropping is indeed necessary, and should use a commonsense approach, evaluating the application in the context of the investigation's objectives *(see, People v Baris, supra; People v Carson,* 99 AD2d 664, 665). Here, the supporting affidavit of the FBI special agent indicated that visual surveillance had been tried but was inadequate to provide enough specific information about the conduct and participation of all those involved in the suspected bookmaking; that a reliable confidential source reported placing bets at the designated numbers; that a pen register showed a pattern of calls consistent with bookmaking; and that the crime normally takes place by telephone, behind closed doors. We reject the alternative argument of defendants Spano and Domiano that probable cause to issue the warrant was lacking. The controlled call made by a confidential informant, whose reliability was established, in combination with the results of the pen register and the surveillance, provided probable cause *(see, People v Gaspar,* 132 AD2d 990, 992, *appeal dismissed* 71 NY2d 887). (Appeal from Order of Supreme Court, Erie County, Wolfgang, J.—Suppress Evidence.) Present—Doerr, J. P., Denman, Boomer, Green and Pine, JJ.