■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD BAKER, Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of Clinton County (Lewis, J.), rendered October 4, 1990, convicting defendant upon his plea of guilty of the crime of conspiracy in the second degree.

Defendant appeals from the judgment convicting him of second degree conspiracy to sell or possess cocaine. Based primarily upon telephone conversations recorded by eavesdropping surveillance, defendant was indicted, along with several other alleged coconspirators, and charged with second degree conspiracy, fourth degree conspiracy, two counts of fourth degree criminal possession of a controlled substance, 13 counts of third degree criminal possession of a controlled substance and 15 counts of third degree criminal sale of a controlled substance. Defendant's motion to suppress all evidence obtained through the telephone eavesdropping was denied by County Court after a lengthy suppression hearing. Defendant then entered a negotiated plea of guilty to second degree conspiracy in full satisfaction of the indictment and was sentenced to an indeterminate prison term of 3 to 9 years. As part of the plea bargain arrangement, defendant's right to challenge the denial of his suppression motion on appeal was specifically preserved and this appeal followed.

We affirm, as none of defendant's challenges to the telephonic eavesdropping which led to his indictment are sufficiently meritorious to warrant reversal. The suppression hearing minutes reveal that the warrant authorizing the initial wiretapping of defendant's telephone was based on information received by means of a separate wiretap originally placed

on the telephone of alleged coconspirator James Weir. Defendant initially contends that the warrant issued for the Weir wiretap was not based on the requisite probable cause. We disagree. The probable cause necessary for the issuance of an eavesdropping warrant amounts to some reasonable ground for someone of reasonable caution to believe that evidence of a crime being committed will be obtained (see, People v Tambe, 71 NY2d 492, 500-501; People v Sutton, 32 NY2d 923, cert denied 415 US 983; People v Wilkerson, 167 AD2d 662). In exercising its considerable discretion in determining the sufficiency of an application for a warrant, a court may rely on those inferences that can be reasonably drawn from the facts alleged in the application, avoiding any hypertechnical construction thereof (see, People v Tambe, supra; People v Migenis, 167 AD2d 956; People v Ianniello, 156 AD2d 469, 470, lv denied 75 NY2d 920; People v Manuli, 104 AD2d 386, 387).

Here, the police submitted the sworn affidavit of Robert McNamara, who stated that Weir frequently purchased cocaine from his roommate to distribute, frequently telephoned his roommate to ask about drugs, and once even met with McNamara to execute a sale of four ounces of the roommate's cocaine for $5,000. Such a sworn affidavit from an informant renders inapplicable defendant's Aguilar-Spinelli challenges to the information (see, People v Bartolomeo, 53 NY2d 225, 233-234; People v Deliz, 172 AD2d 877; cf., Spinelli v United States, 393 US 410; Aguilar v Texas, 378 US 108; People v Griminger, 71 NY2d 635). Coupled with the additional information gathered from a pen register and police investigation (see, People v Bachiller, 159 AD2d 955, lv denied 76 NY2d 784), the McNamara affidavit provided adequate probable cause for the Weir wiretap warrant to issue (see, People v Tambe, supra).

We likewise find that the eavesdropping warrant issued for defendant's telephone was based on probable cause. Recorded telephone conversations between defendant and Weir, a pen register of defendant's phone calls, and police surveillance placing defendant and Weir together during a parking lot meeting provides the requisite showing from which inferences may be reasonably drawn that defendant was directly involved in the sale and possession of cocaine. Defendant argues that conversations transcribed from the Weir wiretap are so ambiguous as to provide insufficient probable cause to believe that defendant was selling cocaine. Ambiguous conversations may, however, serve as a basis for finding probable cause when they have been given a reasonable interpretation by an

experienced investigator *(see, People v Tambe, supra,* at 501; *People v Manuli, supra)*. Those terms questioned by defendant have common illegal drug connotations and we find the police investigator's interpretation of the conversation plausible and reasonable.

Next, we reject defendant's contention that the police failed to establish that alternative investigative methods had been unsuccessfully attempted, or were unlikely to succeed, before applying for the eavesdropping warrant *(see,* CPL 700.15 [4]). The statute requires police to apprise the court of the circumstances attending the investigation and the intrinsic impediments of standard investigatory tactics *(see,* CPL 700.15 [4]; *People v Sica,* 163 AD2d 541, *lv denied* 76 NY2d 990; *People v Carson,* 99 AD2d 664, 665; *People v Versace,* 73 AD2d 304). "While eavesdropping warrants should not routinely be the first investigative method employed" *(People v Spano,* 170 AD2d 996, 997), the People are "not required to show that every other method of investigation had been exhausted" *(People v Sica, supra,* at 542). "The People's showing must be tested in a practical and commonsense fashion in the context of the objectives of the investigation" *(People v Hafner,* 152 AD2d 961, 962 [citations omitted]). Defendant relies heavily on *People v Viscomi* (113 AD2d 76, *lv denied* 67 NY2d 658) in which the Fourth Department rejected the purely conclusory affidavits submitted in support of an eavesdropping warrant. Here, however, the application establishes that the rural location of defendant's residence *(see, People v Wood,* 125 AD2d 823, 825), the execution of drug transactions by telephone *(see, People v Hafner, supra)* behind closed doors *(see, People v Spano, supra)* and the magnitude of defendant's involvement in region-wide drug operations *(see, People v Bavisotto,* 120 AD2d 985, *lv denied* 68 NY2d 912, *cert denied* 480 US 933) rendered it unlikely that normal investigative procedures would succeed.

We summarily reject defendant's remaining contentions as meritless or unpreserved for our review. The termination clause in the eavesdropping warrant fully satisfied the requirements of CPL 700.30 and we find nothing improper in the written notice supplied by the People pursuant to CPL 700.50.

Weiss, Levine, Mercure and Harvey, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Clinton County for further proceedings pursuant to CPL 460.50 (5).