■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WEIR, Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of Clinton County (Lewis, J.), rendered December 14, 1990, convicting defendant upon his plea of guilty of the crime of attempted conspiracy in the second degree.

Defendant appeals from the judgment of conviction following his plea of guilty to second degree attempted conspiracy for his involvement in cocaine distribution in and around Clinton County. Defendant had previously sought the suppression of evidence obtained by police through telephone eavesdropping surveillance. County Court denied defendant's motion to suppress and defendant subsequently entered his plea with the right to challenge the suppression denial specifically preserved. Defendant was sentenced to an indeterminate prison term of 1½ to 4½ years and this appeal followed.

We affirm. The greater part of defendant's appeal is aimed at claimed error on County Court's part in failing to suppress evidence received through electronic eavesdropping. Defendant claims that the wiretap warrant for his telephone was not based upon the requisite probable cause and that the People failed to demonstrate that alternative investigative methods had been or would be unsuccessful. These arguments were specifically rejected by this court upon a codefendant's appeal *(People v Baker,* 174 AD2d 815, *lv denied* 78 NY2d 920) and we likewise reject them here.* In addition, we reject defendant's argument that the police illegally wiretapped the

---

* We note here that the eavesdropping application discussed in *People v Baker (supra)* contained the same factual allegations as that provided for defendant herein.

phone of Wade Eagle, defendant's "tenant", and thus somehow infected the legality of defendant's wiretap. The record indicates that "Eagle's telephone" was not tapped. Furthermore, although the number was listed in Eagle's name, it was billed to defendant and located in defendant's home, and nothing in the record supports the conclusion that the telephone was in a separate apartment, inaccessible to defendant. Accordingly, the People's showing of probable cause is not undermined by the fact that the police also obtained a warrant to tap another telephone owned by defendant, listed to a third party but accessible to defendant.

As to defendant's remaining arguments, we summarily reject the contention that suppression was improperly denied because the integrity of the eavesdropping tapes was compromised prior to sealing. Defendant made no objection to their introduction into evidence at the suppression hearing and the record provides clear and convincing evidence that the tape recordings were authentic and unadulterated (see, People v Ely, 68 NY2d 520, 527). We likewise summarily reject, as we did in People v Baker (supra), defendant's argument that he was improperly served with notice of the eavesdropping. Defendant's receipt of actual notice through his counsel was sufficient to comply with statutory requirements (see, CPL 700.50 [3]).

Casey, Levine, Mercure and Harvey, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Clinton County for further proceedings pursuant to CPL 460.50 (5).