■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOANN HICKEY, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Clinton County (Lewis, J.), rendered November 16, 1990, convicting defendant upon her plea of guilty of the crime of conspiracy in the fourth degree.

Based upon information obtained from telephone conversations recorded by eavesdropping surveillance, defendant was indicted, along with several other alleged coconspirators, for criminal possession of a controlled substance in the third degree, criminal sale of a controlled substance in the third degree and conspiracy in the fourth degree. Following County Court's denial of a motion to suppress all evidence secured as a result of the recorded telephone conversations, defendant pleaded guilty to conspiracy in the fourth degree in full satisfaction of the counts against her. Under defendant's plea agreement, she expressly reserved the right to challenge County Court's denial of her suppression motion. Defendant was sentenced to a five-year term of probation and this appeal ensued.

There should be an affirmance. Initially, we note that defendant's actual receipt of the CPL 700.50 (3) notice which was served upon her counsel satisfied the statutory requirement of service of the notice upon her (see, People v Weir, 177

AD2d 811; *People v Baker,* 174 AD2d 815, 817, *lv denied* 78 NY2d 920). Nor do we agree with the contention that suppression was required because the statutory notice was not served within "[90] days after termination of [the] eavesdropping * * * warrant, or expiration of an extension order" (CPL 700.50 [3]). Although the People concede that defendant's attorney was not served with the notice until February 6, 1989, approximately two weeks following the expiration of the 90-day period, in the absence of a showing of prejudice as a result of the late notice, suppression of the wiretap evidence was properly denied *(see, United States v Fury,* 554 F2d 522, 527-529, *cert denied sub nom. Quinn v United States* 433 US 910, 436 US 931; *People v Madori,* 153 AD2d 287, 295-299). The general notification provision of CPL 700.50 (3) merely affords an "opportunity to find out who has been poking into your private life and why and with what results" and "is to be distinguished from CPL 700.70 which adds another specific notification requirement without which evidence secured by an eavesdrop may not be used as evidence" (Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 700.50, at 505; *see, People v Madori, supra,* at 298-299).

Mikoll, J. P., Crew III and Mahoney, JJ., concur. Ordered that the judgment is affirmed.