■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT B. TRUVER, Appellant. [665 NYS2d 995] —Judgment unanimously affirmed. Memorandum: Defendants, husband and wife, appeal from separate judgments convicting them, upon their pleas of guilty, of criminal possession of marihuana in the third degree and criminal possession of marihuana in the fourth degree, respectively. The appeals bring up for review County Court's orders denying defendants' motion to suppress telephone conversations recorded pursuant to an eavesdropping warrant, and drug paraphernalia seized from defendants' home pursuant to a search warrant. Defendants contend that the eavesdropping warrant was issued without probable cause; that the eavesdropping warrant was issued without a showing that normal investigative procedures had failed or appeared unlikely to succeed; and that the search warrant was issued without probable cause.

We reject the People's contention that defendant Nancy Truver lacks standing to challenge the eavesdropping warrant. The record establishes that she was a party to some of the conversations that were intercepted and that the warrant was directed to her premises and her telephone, which she shared with her husband (*see*, CPL 710.20 [2]; 710.10 [5]; CPLR 4506 [2]; *see generally, People v Caponigro*, 163 AD2d 527, *lv denied*

76 NY2d 984; *People v Contento*, 146 AD2d 959, 960; *People v La Rocca*, 112 AD2d 1010; *People v Troia*, 104 AD2d 389, 390; *People v Konyack*, 99 AD2d 588; *People v Sergi*, 96 AD2d 911).

The eavesdropping warrant was supported by probable cause. The probable cause necessary for issuance of an eavesdropping warrant is measured by the same standard applicable to issuance of a search warrant (*see*, CPL 700.15 [2], [3]; 700.20; *People v Tambe*, 71 NY2d 492, 500). The court must construe the affidavit supporting the warrant application in a commonsense and realistic fashion, not in a hypertechnical manner, and must give due respect to the assessment made by the issuing Magistrate (*see, People v Tambe, supra*, at 501). The warrant is valid if the application demonstrates reasonable grounds to believe that a crime has been or is about to be committed and that evidence of that crime might be obtained through the use of electronic surveillance (*see, United States v Fury*, 554 F2d 522, 530, *cert denied* 436 US 931).

Here, there was probable cause to believe that defendant Scott Truver was engaged in drug trafficking and was using his telephone to communicate with his sources, customers, and/or coconspirators. Pen register evidence demonstrated that Scott Truver had used his telephone to call at least seven individuals who were known to police as drug users or dealers, at least four of whom had been arrested for drug offenses. Probable cause was further established by what police learned from an informant revealed as Source Two, to whom a known drug dealer had made statements naming defendant as that dealer's source of cocaine.

In support of the application for the eavesdropping warrant, police made a sufficient showing that normal investigative procedures had failed or appeared unlikely to succeed (*see*, CPL 700.15 [4]; 700.20 [2] [d]; *see generally, United States v Giordano*, 416 US 505, 515; *United States v Kahn*, 415 US 143, 153, n 12). The application sufficiently demonstrated, by detailed averments, that other methods of investigation would be unavailing and would risk premature disclosure of the investigation, and that only electronic surveillance was likely to be fruitful (*see generally, People v Baker*, 174 AD2d 815, 817, *lv denied* 78 NY2d 920; *People v Hafner*, 152 AD2d 961, 962; *People v Bavisotto*, 120 AD2d 985, *lv denied* 68 NY2d 912, *cert denied* 480 US 933; *People v Baris*, 116 AD2d 174, 187, *lv denied* 67 NY2d 1050).

Similarly, we conclude that the search warrant was issued upon probable cause. The recorded conversations between Scott Truver and his contacts were replete with non sequiturs, lead-

ing reasonably to the conclusion that the participants were speaking in code about drugs. That assessment is confirmed by the repeated references to prospective contacts between Scott Truver and his callers or between Truver and third parties, and to prospective shipments and exchanges of unidentified items or substances for money. It is well established that " 'cryptic and ambiguous conversations may serve as a predicate for probable cause when reasonably interpreted by an experienced investigator' " (*People v Tambe, supra*, at 501). (Appeal from Judgment of Chautauqua County Court, Ward, J.—Criminal Possession Marihuana, 3rd Degree.) Present— Denman, P. J., Green, Pine, Callahan and Boehm, JJ.