THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY FOSTER, Appellant. [872 NYS2d 310]—

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered March 29, 2005. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]). Contrary to defendant's contention, Supreme Court properly refused to suppress evidence obtained as the result of eavesdropping warrants. The information submitted by the police in support of the eavesdropping warrant applications, "tested in a practical and commonsense fashion in the context of the objectives of the investigation" (*People v Hafner*, 152 AD2d 961, 962 [1989]), contained a sufficient "showing that normal investigative procedures have been tried and have failed, or reasonably appear to be unlikely to succeed if tried" (CPL 700.15 [4]). One objective of the eavesdropping warrants was to ascertain defendant's location, and the police officer's supporting affidavit set forth in detail the resistance of defendant's known associates in cooperating with the police (*see People v Palmeri*, 272 AD2d 968, 969 [2000], *lv denied* 95 NY2d 967 [2000]; *Hafner*, 152 AD2d at 962), as well as the ineffectiveness of the surveillance methods previously employed (*see Hafner*, 152 AD2d at 962; *People v Quezada*, 145 AD2d 950 [1988]; *People v Baris*, 116 AD2d 174, 187 [1986], *lv denied* 67 NY2d 1050 [1986]). We also reject the contention of defendant that he was denied a fair trial by prosecutorial misconduct on summation. The prosecutor's comments during summation, viewed in light of defense counsel's summation, were "within the bounds of fair response to the defense counsel's attack on the credibility of the [prosecution] witnesses" (*People v Farrell*, 228 AD2d 693, 694 [1996], *lv denied* 88 NY2d 984 [1996]; *see People v Melendez*, 11 AD3d 983, 984 [2004], *lv denied* 4 NY3d 888 [2005]). In any event, those comments did not amount to a " 'deliberate and pervasive pattern of prosecutorial misconduct' " (*People v Dombrowski*, 163 AD2d 873, 875 [1990]). Present—Martoche, J.P., Fahey, Green, Pine and Gorski, JJ.