Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered May 27, 2008. The judgment *1376 convicted defendant, upon a jury verdict, of murder in the second degree.
It is hereby ordered that the judgment so appealed from is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]) based on the charge that he killed the victim on or around February 6, 2007. The victim was the ex-girlfriend of defendant who lived with him in Syracuse and was the mother of his children. Within days after the victim’s disappearance, defendant took the children to Georgia to stay with his mother. Detectives from the Syracuse Police Department (SPD) traveled to Georgia and interviewed defendant there on February 20, 2007. Defendant returned to Syracuse on March 20, 2007, and was interrogated by SPD detectives over a period of 49 hours. Near the end of the interrogation, defendant told the detectives that he wanted an attorney and that he wanted to speak with the Assistant District Attorney. An attorney was appointed for defendant and, after meeting with his attorney as well as a break in the interrogation, defendant made statements to the detectives in the presence of his attorney on March 23, 2007.
We reject defendant’s contention that County Court erred in refusing to suppress the statements that he made to SPD detectives in Georgia on February 20, 2007. According to the decision of the suppression court, even assuming, arguendo, that defendant was in custody, the court determined that he knowingly and voluntarily waived his Miranda rights before speaking with the detectives. The evidence presented at the suppression hearing supports that determination (see People v Sands, 81 AD3d 1263, 1263 [2011], lv denied 17 NY3d 800 [2011]). We further agree with the court that defendant’s statement, “[w]hen I asked them if I needed to speak to an attorney, they just made it seem like I couldn’t get one at that time” was not an unequivocal request for counsel (see generally People v Hicks, 69 NY2d 969, 970 [1987], rearg denied 70 NY2d 796 [1987]).
We reject defendant’s further contention that the court erred in refusing to suppress the statements that he made to SPD detectives in Syracuse on March 23, 2007. The court suppressed the statements that defendant made during the preceding 49-hour interrogation. The court held that, although defendant was advised of his Miranda rights, under the totality of the circumstances the People did not meet their burden of proving that defendant’s statements made during “this unprecedented and lengthy period were voluntary” beyond a reasonable doubt. We concur with the court that the length of the interrogation *1377 was unparalleled and should in no way be condoned. With respect to the March 23, 2007 statements, however, the court determined that they were admissible because there was an eight-hour “definite, pronounced break” between the 49-hour interrogation and those statements. The court explained that any taint from the prior interrogation was dissipated by the break in the interrogation, by the assignment of an attorney and opportunities to consult with that attorney before the March 23, 2007 statements were made, by defendant’s removal from the interrogation room and his opportunity to sleep the remainder of the night before being arraigned, and by defendant’s having made the statements in question while speaking with the detectives the following morning in the presence of his attorney. We agree. In particular, we note that, once an attorney was appointed for defendant and defendant had the opportunity to consult with the attorney before again speaking with the detectives, in the presence of his attorney, it cannot be said that the statements were involuntary or the “product of compulsion” (Miranda v Arizona, 384 US 436, 466 [1966]).
Defendant failed to preserve for our review his contention that he was denied a fair trial by prosecutorial misconduct (see People v Milton, 90 AD3d 1636, 1637 [2011]) and, in any event, that contention is without merit. Any alleged misconduct was not so egregious as to deny defendant a fair trial (see People v Pringle, 71 AD3d 1450, 1450-1451 [2010], lv denied 15 NY3d 777 [2010]; People v Foster, 59 AD3d 1008, 1009 [2009], lv denied 12 NY3d 816 [2009]). Defendant further contends that he received ineffective assistance of counsel because his attorney should not have allowed him to give a statement to the detectives. Defense counsel was not ineffective, however, for making a “strategic decision to encourage defendant to cooperate in order to receive favorable treatment” (People v Carncross, 14 NY3d 319, 332 [2010]). Indeed, the evidence at the suppression hearing established that defendant wanted to “cut a deal” and was in fact offered a sentence cap if he cooperated. We have reviewed the remaining instances of alleged ineffective assistance of counsel raised by defendant and nevertheless conclude that he received meaningful representation (see People v Baldi, 54 NY2d 137, 147 [1981]).
Centra and Sconiers, JJ., concur; Scudder, P.J., concurs in the following memorandum.