OPINION OF THE COURT
Memorandum.
Contrary to the Appellate Division’s determination we hold that the affidavits submitted in support of the application for the wire tap warrant were insufficient to establish probable cause. Essentially the affidavits state that Larry Centore, whose home phone was to be tapped, had a prior criminal record for assault and robbery and one unresolved charge of gambling; that he met regularly with persons who also had criminal records including some gambling convictions; that on three or four occasions some of these individuals visited Centore at his home but the regular meetings occurred at a local restaurant where, on occasion, one or more of these persons was seen carrying brown paper bags, newspapers, or brief cases. These activities may be suspicious but they do not rise to the level of probable cause to believe that Centore was engaged in gambling or that a wire tap on his home phone would yield evidence of illegal gambling. Thus the defendant is entitled to suppression to the extent of precluding the People from introducing, at trial, the telephone conversations which were intercepted and recorded pursuant to the warrant.
However, the defendant’s testimony before the Grand Jury is admissible at trial because it was the product of a voluntary and independent act which is sufficient to dissipate the taint (People v McGrath, 46 NY2d 12, 28, 29). Consequently the motion to dismiss the remaining four counts of the indictment should be denied (People v McGrath, supra).
Accordingly, the order of the Appellate Division reinstating these four counts of the indictment should be affirmed.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed in a memorandum.