■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH DiNAPOLI, Appellant. [687 NYS2d 629] —Judgment, Supreme Court, New York County (Renee White, J.), rendered August 12, 1997, convicting defendant, upon his plea of guilty, of offering a false instrument for filing in the first degree, and sentencing him to a prison term of 1 year, unanimously affirmed.

Defendant's motion to suppress evidence obtained through electronic surveillance of his cellular telephone was properly denied. The issuing Justice's finding of probable cause is entitled to great deference (*People v Griminger*, 71 NY2d 635, 640) and is supported by the warrant application and ac-

companying submissions. The People repeatedly obtained warrants, which defendant has not challenged, authorizing the interception of communications involving several pagers and cellular phones, with the issuing Justices finding probable cause that defendant and his organized crime associates were using the devices in furtherance of designated offenses. The submissions in support of the warrant challenged on appeal included an affidavit of an experienced detective incorporating prior submissions. The totality of information before the issuing Justice permitted a reasonable commonsense interpretation that the conversations and beeper transmissions summarized, including those in code or interlaced with whispers (*see, People v Manuli*, 104 AD2d 386, 388), involved illegal business and permitted the further inference that law enforcement officials were likely to garner evidence concerning such activities from the electronic surveillance of defendant's cell phone. We reject defendant's argument that the application was based on general suspicion (*compare, People v Bigelow*, 66 NY2d 417, 423, *with People v Pomponio*, 47 NY2d 918). The information obtained from an informant 21 months before the application was not stale under the circumstances (*see, People v Baris*, 116 AD2d 174, 184). The informant's information was ·first hand, was developed over a lifetime of organized crime activity, related to activities not likely to change over the period of time involved, and was corroborated by surveillance under the warrants predating the one in question.

We have considered and rejected defendant's remaining claims. Concur—Rosenberger, J. P., Rubin, Saxe and Buckley, JJ.