People v Montero (2021 NY Slip Op 05173)





People v Montero


2021 NY Slip Op 05173


Decided on September 30, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 30, 2021

Before: Manzanet-Daniels, J.P., Kern, Oing, Rodriguez, Higgitt, JJ. 


Ind No. 141/13 141/13 Appeal No. 14252 Case No. 2016-01332 

[*1]The People of the State of New York, Respondent,
v
Elvis Montero, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Mark W. Zeno of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Shane Magnetti of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Steven L. Barrett, J.), rendered May 6, 2015, convicting defendant, upon his plea of guilty, of criminal sale of a firearm in the third degree, and sentencing him to a term of five years, unanimously affirmed.
We do not find that defendant made a valid waiver of his right to appeal. The court's colloquy with defendant contained misleading language about the absence of "meaningful" appellate issues, indicating that any appeal would be fruitless.
However, the court properly denied defendant's suppression motion. Defendant does not dispute that there was probable cause to issue an eavesdropping warrant for his cell phone, and the record supports the court's conclusion that there was probable cause to issue two warrant extensions (see People v Tambe , 71 NY2d 492, 500 [1988]). An investigator submitted affidavits explaining that based on his training and experience, he concluded that defendant was using certain code words to refer to handguns, their operability, and ammunition. Defendant also used the terms Cobray, Anaconda, and Springfield, all of which refer to firearm manufacturers or models, and the initial application, which was undisputedly supported by probable cause, cited numerous conversations with a codefendant who had sold a Cobray pistol, among other weapons, to an undercover officer. While some conversations or terms viewed in isolation might seem innocent, "[t]he totality of information before the issuing Justice permitted a reasonable commonsense interpretation that the conversations summarized, including those in code . . ., involved illegal business and permitted the further inference that law enforcement officials were likely to garner evidence concerning such activities from the electronic surveillance of defendant's cell phone" (People v DiNapoli , 260 AD2d 235, 236 [1st Dept 1999]).
Defendant's excessive sentence claim is moot because he has completed his entire sentence, including postrelease supervision.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 30, 2021