People v Washington (2025 NY Slip Op 02730)

People v Washington

2025 NY Slip Op 02730

Decided on May 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 06, 2025

Before: Webber, J.P., Scarpulla, Mendez, Rodriguez, Pitt-Burke, JJ. 

Ind. No. 1263/21 SCI No. 71540/22|Appeal No. 4279-4280|Case No. 2022-03034 2022-03036|

[*1]The People of the State of New York, Respondent,
v
Delvon Washington, Defendant-Appellant. 

Twyla Carter, The Legal Aid Society, New York (Xhesi Hysi of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Aidan Sanchez of counsel), for respondent.

Judgments, Supreme Court, Bronx County (Alvin Yearwood, J., at plea, Albert Lorenzo, J. at sentencing), rendered June 6, 2022, convicting defendant of attempted criminal possession of a weapon in the second degree and robbery in the third degree, and sentencing him to an aggregate term of two years followed by two years of postrelease supervision, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the surcharges and fees imposed at sentencing, and otherwise affirmed.
Contrary to the defendant's contention, the record demonstrates that he knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545, [2019], cert denied 589 US — —, 140 S Ct 2634 [2020]; People v Lopez, 6 NY3d 248, 256 [2006]; see also People v Nunez, 220 AD3d 597, 597-598 [1st Dept 2023], lv denied 41 NY3d 1004 [2024]). Defendant's valid waiver of his right to appeal forecloses appellate review of his contention that his period of postrelease supervision was excessive (see People v Lopez, 6 NY3d at 255). Defendant's excessive sentence claim is also moot because he has completed his entire sentence, including postrelease supervision (People v Montero, 197 AD3d 1072, 1073 [1st Dept 2021], lv denied 37 NY3d 1147 [2021]).
Based on our own interest of justice powers, we vacate the surcharge and fees imposed on defendant at sentencing (see e.g. People v Chirinos, 190 AD3d 434 [1st Dept 2021]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 6, 2025